FURR'S, Inc., Appellant,

v.

W. H. MARTIN, Appellee.

No. 3277.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1956.

Rehearing Denied Dec. 14, 1956.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

J. Ray Martin, Snyder, for appellee.

LONG, Justice.

W. H. Martin brought this suit against Furr's, Inc. to recover damages for personal injuries sustained by his wife as the result of a fall she received while shopping in defendant's store in Snyder, Texas. Furr's filed a plea of privilege to be sued in Lubbock County, the county of its residence. Martin controverted said plea and sought to hold venue in Scurry County under Sub-divisions 23, 9 and 9a of Article 1995, Vernon's Annotated Civil Statutes. From an order overruling the plea of privilege Furr's has appealed. Appellee alleged that the fall his wife received was caused by the negligence of appellant in allowing water to be on the floor of its store. The appellee relies solely upon exception 9a of Article 1995, Vernon's Annotated Civil Statutes, to uphold the action of the trial court in overruling the plea of privilege. Exception 9a expressly provides that:

> "The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

> "1. That an act or omission of negligence occurred in the county where suit was filed.

> "2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

> "3. That such negligence was a proximate cause of plaintiff's injuries."

■ Appellant operated a retail grocery store in Snyder, Texas. Appellant's wife, while a customer in said store, slipped and fell when she stepped in a puddle of water. It was incumbent upon appellee to show that appellant placed said water there, or knew that it was there, or that it had been there a sufficient length of time before Mrs. Martin fell for appellant in the exercise of ordinary care to have discovered and removed the same. Appellee failed to meet this burden. Great Atlantic & Pacific Tea Company v. Logan, Tex.Civ.App., 33 S.W.2d 470; Safeway Stores, Inc., v. Miller, Tex.Civ.App., 110 S.W.2d 927; Graham v. F. W. Woolworth Co., Inc., Tex.Civ.App., 277 S.W. 223; Wilson v. Werry, Tex.Civ.App., 137 S.W. 390 (Writ Ref.); Hollingsworth v. American Trading Company, Inc., Tex.Civ.App., 156 S.W. 2d 290; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

■ Mrs. Martin testified that she stepped into a puddle of water on the floor in the store which caused her to fall. She further testified that there were some boys washing windows in front of the store and she presumed that they were employees of appellant. She also testified that if they obtained water from the rear of the store that the most direct route for them to travel would be along the aisle where she fell. There is no evidence of the location of the hydrants that furnished water to the store. There is no evidence that the boys were using water in washing the windows or if they were where it was obtained. There is no evidence that the agents, servants or employees of appellant caused the water to be on the floor of the store. There is no evidence that appellant knew of the presence of the water at the place where the fall occurred, nor is there any evidence that it was there for such a length of time that it was the duty of the appellant in the exercise of ordinary care to know of its presence and remove it. There is no showing that appellant had either actual or constructive notice of the presence of the water on the floor prior to the time Mrs. Martin fell. Appellee failed to establish negligence upon the part of the appellant in any respect. This being true it follows that appellee failed to prove an

essential venue fact set forth in the statute and it, therefore, becomes our duty to reverse the judgment of the trial court.

Appellee relies upon Ice Service Company v. Scruggs, Tex.Civ.App., 284 S.W.2d 185. This case is not controlling here. Our case is distinguishable from the Scruggs case on the facts. In the case before us there is no evidence that the water on the floor which caused Mrs. Martin's fall was caused to be there by the defendant. In the Scruggs case there is evidence that the water on the floor which caused the plaintiff to fall was there by reason of the acts of the defendant.

The order appealed from is reversed, appellant's plea of privilege sustained and the cause transferred to a District Court of Lubbock County.

Reversed and rendered.