Doris O'NEAL et vir, Appellants,

v.

J. WEINGARTEN, INC., Appellee.

No. 6162.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 1, 1959.

Adams & Browne, Beaumont, for appellants.

Barrow, Bland, Junell & Rehmet, Houston, Keith, Mchaffy, McNicholas & Weber, Beaumont, for appellee.

ANDERSON, Chief Justice.

This is a slip-and-fall case in which judgment for the defendant was rendered upon an instructed verdict at the close of the plaintiffs' direct evidence. The propriety of directing the verdict is the only matter presented for review.

Appellant Mrs. O'Neai is represented as having been seriously injured when she slipped and fell as the result of stepping on a grape while shopping in one of appellee's supermarkets in the city of Beaumont. In their petition, she and her husband charged the defendant with having been negligent in the following respects: "1) in allowing the grape or grapes to fall on said floor; 2) in failing to clean the floor; 3) in failing to warn customers of the slippery and dangerous condition of the floor; 4) in not maintaining a safe place for customers to walk." The evidence will be reviewed only in the light of those allegations.

The law of general application in cases of this kind was thus stated in H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, 502, and was reiterated by this court in Beard v. Henke & Pillot, Inc., 314 S.W.2d 844:

"In order to establish liability against the defendant operator of the store it is necessary to show:

"1. That the defendant put the foreign substance upon the floor, or,

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

■ There is absolutely no evidence to show how the grape came to be on the floor or that the defendant or any of its employees knew it was there until Mrs. O'Neal had stepped on it. There is therefore none to present an issue under either of the first two theories of liability just mentioned, and none to establish the plaintiffs' first allegation of negligence. The defendant's manager did testify that grapes of different kinds were being offered for sale in the department of the store in which Mrs. O'Neal fell (the produce department) and that, in the nature of things, and as he and such of the defendant's employees as worked in the produce department were aware, it was not uncommon for a grape to fall from its cluster when the cluster was placed in a basket or otherwise handled. But it is not to be inferred from that testimony that it was through fault of the defendant or its employees that the grape on which Mrs. O'Neal stepped was on the floor. And there is no evidence from which it may be inferred that the grape had fallen from one of the defendant's storage bins or counters: the proximity of the grape to one of these was not shown.

■ The only circumstances to show that the grape had been on the floor for such a period of time that the defendant or its employees, in the exercise of ordinary care, should have discovered and removed it are these: According to Mrs. O'Neal, who only saw it while she was in process of falling, the grape was old, not fresh, was dusty, dirty and dried looking, was flat, dry, black and dirty. According to Mrs. Ulrich, who did not see it until after Mrs. O'Neal had stepped on it, the grape was not fresh, had dirt and dust on it, was in a flattened or pressed condition, was flat and dirty, had the appearance of "something that had been there" and accumulated dust, was dark in color and had been stepped on, was not paper thin, but was mashed down real flat and was partially dried out. The circumstances, though accepted at face value, are insufficient, in our opinion, to support an in-

ference that the grape had been on the floor for the period of time above mentioned. They supply no basis for concluding that the grape was not in the described condition when it first came to rest on the floor (allowance being made for the fact that it had not then been stepped on by Mrs. O'Neal), or for concluding that some third party had not deposited the grape on the floor and stepped on it almost immediately before Mrs. O'Neal stepped on it. The situation is by no means parallel to the one in S. H. Kress & Co. v. Selph, Tex.Civ.App., 250 S.W.2d 883, where the piece of candy responsible for the fall bore broom marks showing it to have been swept over. Nor is it parallel to the situation that existed in any of the other cases cited us by appellants. It is perhaps also true that no case having parallel facts can be cited in support of our holding, but we nonetheless call attention to the following: Beard v. Henke & Pillot, Inc., Tex.Civ.App., 314 S.W.2d 844; Smith v. Safeway Stores, Tex.Civ.App., 167 S.W.2d 1044; Worth Food Markets v. LeBaume, 112 S.W.2d 1089.

■ The only evidence tending to show that the floor in the produce department of the defendant's store needed cleaning, or was in a "slippery and dangerous condition," or was an "unsafe place for customers to walk" was the evidence showing that the grape was on the floor. Additional discussion of the plaintiffs' second, third and fourth allegations of negligence is therefore not thought to be necessary. However, it is perhaps well to make special mention of one aspect of appellants' argument with reference to their third allegation of negligence—their allegation that the defendant was negligent "in failing to warn customers of the slippery and dangerous condition of the floor." They argue that because of the frequency with which, according to the evidence, grapes fall from their clusters when handled, the defendant should have in some way warned its customers to be on the lookout for grapes on the floor. It is doubtful that their pleadings sufficiently presented such a theory, but assuming that they did,

and further assuming, for sake of discussion, that the customers should have been warned to be on the lookout for grapes in the vicinity of the grape bins or counters, actionable negligence toward Mrs. O'Neal still was not proved, because she was not shown to have been in that vicinity when she fell.

No reversible error having been presented, the judgment of the trial court is affirmed.