FURR'S, INC., Appellant,

v.

Roy A. McCASLIN, Appellee.

No. 5391.

Court of Civil Appeals of Texas.

El Paso.

April 27, 1960.

Rehearing Denied May 18, 1960.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., James G. Noland, Midland, for appellant.

John J. Watts, Odessa, for appellee.

LANGDON, Chief Justice.

This is an appeal from an order over-ruling appellant's plea of privilege in a "slip and fall" case.

This cause was brought by appellee, Roy A. McCaslin, against appellant, Furr's Inc., a corporation, for personal injuries allegedly sustained by appellee's wife when she slipped and fell in appellant's grocery store. Appellant filed its plea of privilege to be sued in Lubbock County, Texas, the county of its residence, and appellee duly controverted such plea, relying upon Subdivision 9a of Article 1995, Vernon's Annotated Texas Civil Statutes, the "negligence" exception to the venue statute. The trial court, after hearing the matter, overruled appellant's plea of privilege, and appellant has duly perfected its appeal to this court.

Appellant brings three points of error by which it is maintained that, (1) there was no evidence, or (2), that there was insufficient evidence, that Glenna McCaslin's fall was proximately caused by appellant's negligence; and (3), that appellee did not establish by a preponderance of the evidence that Mrs. McCaslin's injuries were proximately caused by a negligent act or omission on the part of appellant, its servants, agents or representatives in Ector County, Texas, acting within the scope of their employment.

■ Appellee alleged in his petition that his wife stepped into a substance, believed to have been chow-chow, which had been spilled upon the floor, causing her feet to slip from under her, and causing her to fall to the floor, and to suffer and sustain severe personal injuries and damage; and alleged that this accident was proximately caused by various acts of negligence on the part of appellant, its agents, servants and employees. Appellee's wife testified that she had entered appellant's store, located in Odessa, Ector County, Texas, to buy groceries, and had been in the store forty to forty-five minutes before she fell. She was pushing a grocery cart before her and looking at the merchandise on the shelves, selecting final items, as she moved along an aisle toward the front of the store, where the cash registers and check-out stations were located. Her fall occurred at a point six to ten feet from the nearest cash register and checker, and within a foot and a half of a grocery clerk, who was stacking canned goods at the end of a counter, and who was looking directly down the aisle and at appellee's wife as she approached; that the substance in which she slipped and fell was within a foot and a half of the clerk, and there was nothing to block the view of either the grocery clerk or the checker at the cash register. She described the substance in which she stepped as "chow-chow", a green substance that had begun to dry around the edges on the floor, but which still contained quite a bit of liquid in it. When she fell, she got some of the substance on her hands, on the heel of a shoe, and about midway on the bottom of her shoes. She also observed some glass piled up near the end of the counter, which she said appeared to have been "kind of raked up". She testified that the substance "had been there quite a while", because she had observed when she sat up on the floor after the fall that "some of it had already dried on the floor". There appears to be no dispute regarding the character and identity of the substance in which Mrs. McCaslin slipped and fell. She identi-fied the substance as "chow-chow" with quite a bit of liquid in it, stating that it had begun to dry around the edges where it had spilled on the floor.

■ In a recent venue case by this court, the facts of which bear a striking similarity to the facts of the case now before us, in an opinion by Justice Fraser we sustained the action of the trial court in overruling defendant's plea of privilege. Furr's, Inc. v. Bolton, Tex.Civ.App., 333 S.W.2d 688 no writ history. In the Bolton case, we pointed out that the storekeeper is not an insurer, and that plaintiff has the burden of showing, either that defendant put the foreign substance upon the floor, or that he knew it was there and willfully or negligently failed to remove it; or that it had been upon the floor for such a period of time that it should have been discovered and removed by defendant in the exercise of ordinary care. Del Camino Courts, Inc. v. Curtice, Tex.Civ.App., 323 S.W.2d 355; Henderson v. Pipkin Grocery Co., Tex. Civ.App., 268 S.W.2d 703.

In the Del Camino Courts case, the question of whether the foreign substance, if any, upon the floor had been there for a sufficient length of time that defendant knew, or, in the exercise of ordinary care, should have known, that such substance was on the floor, was never placed in issue. In that case, it was established only that the defendant "allowed" the substance to get on the floor, not that defendant put it there, or knew, or should have known, that it was there and failed to remove it.

We drew a distinction in the Bolton case, supra, between those cases in which the courts have rejected plaintiff's attempts to show by inference that the article causing the fall had been on the floor a sufficient length of time that it should, in the exercise of ordinary care, have been discovered and removed by defendant. We there pointed out that those cases dealt with such things as bananas, grapes, mustard leaves, chewing gum, ice cream, etc., in which the court was asked to find that the wither-

ing, blackening or deterioration took place after the article was on the floor.

Where it is equally as probable that the withering, blackening and deterioration, or the melting of the ice cream, occurred *before* it got on the floor, a finding that it took place *afterward* is an unwarranted inference and may not be sustained. In the Bolton case, the substance causing the fall was a liquid (the juices and fluids from a crate of seedless grapes), which had created a puddle that had commenced to dry around the edges on the floor. The nature of such liquids precludes the inference that it could have formed a puddle elsewhere, have dried around the edges, and then have fallen or spilled, in that condition, upon the floor. There was but one reasonable inference to be drawn from the evidence, and that was that the drying of the fluid on the floor took place after it got on the floor, and not before.

In the case now before us, the substance which caused the fall was chow-chow, a preparation containing fine chopped-up pickles with considerable liquid in it—in other words, a semi-liquid substance. According to the testimony, it had begun to dry on the floor around the edges, while still retaining a considerable amount of liquid; it was within a foot and a half of one of the clerks, and within six to ten feet of the checker at the cash register, and within plain view of both employees. The semi-liquid nature of the substance precludes the inference that it first dried around the edges and was then transferred to the floor in the same condition.

In Campbell v. F. W. Woolworth & Co., 8 Cir., 117 F.2d 152, a Missouri case cited by appellant, the plaintiff, a Mrs. Campbell, slipped on tobacco juice about the size of a half-dollar, dry around the outer edge and moist in the center. The plaintiff's contention in that case, as it is here, was that the dried condition of the outer edge of the substance indicated that it had lain on the floor a sufficiently long time to impart constructive notice to the storekeeper and impose a duty on him, in the exercise of ordinary care, to remove it. In passing upon the question, the court conceded that the dry edges indicated that some length of time had elapsed, but held that, while a court may take judicial notice that some time was required for the substance to reach a dried condition around the edges, it should not speculate upon the length of time necessary for it to achieve such condition.

The size or area of the chow-chow on the floor in the case now before us is nowhere specified; but Mrs. McCaslin, wife of appellee, testified that she got some of it on her hands, some of it on the heel of her shoe, and some "about middle-ways of my shoes", which unquestionably shows that the area covered by the chow-chow was considerably larger than the half-dollar-sized spot of tobacco juice in the Campbell case, supra. Consequently, since it was larger, within close proximity to at least two of the store employees and within plain view of them—this, coupled with the fact that there was also a pile of broken glass on the floor in the same general area—would, in our opinion, impose a duty within a shorter period of time, for the dangerous substance to be discovered and removed, than in the case of the half-dollar-sized spot of tobacco juice. Mrs. McCaslin testified that chow-chow had been spilled in the kitchen of her home by her children, and that it took an hour to an hour and a half before it began to dry around the edges, and that the chow-chow upon which she had slipped and fallen in the store was drier around the edges than that in her home, under similar circumstances, after an hour or an hour and a half.

We think the uncontradicted testimony was sufficient to support a finding that the substance which caused appellee's wife to fall had been on the floor for a period of from one hour to an hour and a half; a sufficient lapse of time to warrant the trial court in finding that the substance had been on the floor long enough so that defendant, its agents, servants, or employees should,

in the exercise of ordinary care, have discovered it, and either warned appellee's wife or removed the danger.

It follows that we think the trial court was correct in overruling appellant's plea of privilege. Appellant's points, and each of them, are accordingly overruled, and the judgment of the trial court is affirmed.