**F. W. WOOLWORTH COMPANY,**
Appellant,

v.

**L. O. BELL, Appellee.**

No. 18744.

United States Court of Appeals
Fifth Circuit.

July 7, 1961.

Rehearing Denied July 25, 1961.

Max N. Osborn, Thornton Hardie, Jr., Midland, Tex. (Turpin, Kerr, Smith & Dyer, Midland, Tex., of counsel), for appellant.

John J. Watts, Odessa, Tex., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

TUTTLE, Chief Judge.

Plaintiff-appellee, the husband of the injured party, brought this action in the District Court for the Western District of Texas, Pecos Division, for the personal injuries allegedly suffered as a result of Mrs. Bell's falling in a store owned and operated by appellant. A motion for a directed verdict for the defendant [1] was denied and the case was allowed to be considered by the jury. A judgment was awarded appellee in the amount of

1. The motion, so far as here relevant, was based on the grounds:

3.

The evidence of probative force wholly fails to show that this defendant had knowledge of the presence of any foreign substance or debris or water on the floor of its Odessa store near the place where plaintiff fell. There is no evidence of probative force to show how long the foreign substance or water had been on the floor of the defendant's store, or that in the exercise of ordinary care this defendant should have known of the presence of such matter on its floor.

4.

The whole of plaintiff's evidence in this case fails to show that the object on its floor was placed thereby this defendant or that whatever substance was on the floor was placed there by this defendant or that the presence of such matter on its floor should have been known to defendant, or that such matter had been there for such a time as that in the exercise of ordinary care defendant should have discovered the presence of such foreign matter of water or debris on its floor. The whole of the burden of proof here is upon the plaintiff to show the presence of such danger and that this defendant knew or should have known thereof, and that this defendant was negligent in maintaining its presence in such a condition. There has been a complete failure of proof to show such pertinent facts required.

$30,000.00. From the entry of that judgment the appellant brings this appeal.

The facts may be briefly summarized. Mrs. Bell, the plaintiff's wife, testified that on January 5, 1958, she entered appellant's store for the purpose of purchasing a cup of coffee. It had been raining and the streets were quite wet. After entering the store, she walked about half way to the coffee counter, then slipped and fell. She testified that after her fall she noticed a puddle of water where she fell and some other water nearby being mopped up by a porter. Other witnesses, the employees of the store, testified that the floor was completely dry at the point of her fall.

It is well established by the Courts of Texas that "when injury is caused by a foreign substance upon a floor which rendered it slippery or unsafe for use" the party asserting the liability of the owner of the premises must establish:

"1. That the defendant put the foreign substance upon the floor, or

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care." H. E. Butt Grocery Co. v. Johnson, Tex.Civ. App., 226 S.W.2d 501, at page 502; see also Beard v. Henke & Pillot, Inc., Tex.Civ.App., 314 S.W. 844, at page 845; O'Neal v. J. Weingarten, Inc., Tex.Civ.App., 328 S.W.2d 793, at page 794.

Upon a careful reading of the testimony offered during the course of the trial, we are forced to the conclusion that the appellee totally failed to introduce evidence which might satisfy the requirements of the Texas rule which we have set out above. There was no proof of any kind that the management knew of the presence of the water; nor was there any proof showing how long the water had been on the floor. Having failed to meet that burden placed upon him, it must follow that the appellee was not entitled to recover for the injuries suffered by his wife and that the trial court erred in refusing to grant the appellant's motion for an instructed verdict.

Accordingly the judgment entered by the District Court must be Reversed and the cause Remanded for the entry of a judgment for the defendant.