The other contentions presented have been considered and do not show error.

The evidence is sufficient to support the jury's verdict and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

Mrs. Shelby HALL, Appellant,

v.

SAFEWAY STORES, INC., Appellee.

No. 3699.

Court of Civil Appeals of Texas.

Eastland.

Sept. 7, 1962.

Rehearing Denied Sept. 28, 1962.

Hartman Hooser, Big Spring, for appellant.

Turpin, Kerr, Smith & Dyer, Midland, for appellee.

GRISSOM, Chief Justice.

Mrs. Shelby Hall sued Safeway Stores, Inc., for damages caused by a fall on its parking lot. The substance of plaintiff's

testimony is that at the time of her injury, which was about 11:00 A.M. on February 24, 1960, that the weather was cold and it had been raining and sleeting during the night; that as she left home for the Safeway Store to buy groceries a fine snow was falling; that she walked down the alley so she could walk on weeds; that she walked across Safeway's parking lot, and at its edge, when she attempted to step up on a porch entrance to the store, she fell because, although the lot was level at that place, there was ice under the snow.

A jury found that defendant's agent and employees should have known of the icy condition; that they failed to warn Mrs. Hall of the icy condition and that such failure was negligence and a proximate cause of her injury. It found that defendant failed to apply salt to the place in question and that was negligence and a proximate cause of plaintiff's injuries and that defendant failed to clear the ice from its lot and that was negligence and a proximate cause of plaintiff's injury. The jury found that snow and ice on defendant's premises was the result of an act of God, but that said act was not the sole proximate cause of the accident.

The court sustained the defendant's motion for judgment notwithstanding the verdict and rendered judgment for Safeway Stores, Inc. Mrs. Hall has appealed. She contends that the jury findings were supported by the evidence and showed that Safeway Stores, Inc., was guilty of various acts of negligence; that the jury exonerated her from any negligence and, therefore, the court erred in rendering judgment for the defendant. She prays that the judgment be reversed and that judgment be rendered for her.

The defendant did not create the icy condition. There was no evidence that defendant's agents or employees knew of such condition or that it had existed long enough to charge defendants with constructive knowledge thereof. In H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, (Writ Ref.), the applicable rule approved by our Supreme Court was stated as follows:

"In order to establish liability against the defendant operator of the store it is necessary to show:

"1. That the defendant put the foreign substance upon the floor, or,

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

See also Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; O'Neal v. Weingarten, Tex.Civ.App., 328 S.W.2d 793, (Ref. N.R.E.); Furr's v. Martin, Tex.Civ. App., 296 S.W.2d 607; Woolworth Company v. Bell, 5 Cir., 291 F.2d 912; Great Atlantic & Pacific Tea Company v. Giles, Tex.Civ.App., 354 S.W.2d 410, (Ref. N.R. E.); 61 A.L.R.2d 23 and 82 A.L.R.2d 995.

Of course, the defendant did not put the ice on its lot. It was put there by an act of God. There was no evidence that defendant knew of the icy condition. Under the quoted rule there remains to be considered only whether such condition had existed for such a period of time that defendant, by the exercise of ordinary care, should have discovered and removed the ice from its parking lot. There is no evidence as to when the ice, if any, was formed and, therefore, no evidence of how long it had been on defendant's premises. Rendition of judgment for the defendants was, therefore, required.

It was undisputed that snow began to fall early in the morning and was still falling at the time of the accident. It is unnecessary to a decision of this case, but it has been held that under such a situation

a defendant has a reasonable time after the end of a storm to clean its lot. See Walker v. Memorial Hospital, 187 Va. 5, 45 S.E.2d 898; Reuter Iowa Trust & Savings Bank, 244 Iowa 939, 57 N.W.2d 225; Mattson v. St. Luke's Hospital, 252 Minn. 230, 89 N.W.2d 743, 71 A.L.R.2d 422; Wise v. Great Atlantic & Pacific Tea Company, 94 Ohio App. 320, 115 N.E.2d 33; Kelly v. Huyvaert, 323 Ill.App. 643, 56 N.E.2d 638; Camp v. Kirkpatrick, Tex.Civ.App., 250 S.W.2d 413, (Ref. N.R.E.).

The judgment is affirmed.