:serts that any deviation from the kind of picketing which was permissive under the second proviso of § 8(b) (7) (C), was so slight and insubstantial that the Board was not justified in concluding that Local 3's picketing, as a whole, fell outside the protection of the second proviso. It is true that the instances of non-permissive picketing were few, but we cannot say that they were too minor and inconsequential to support the Board's conclusion that the picketing was for a purpose other than "truthfully advising the public" that the employer was non-union. The Board's order is only designed to prohibit non-privileged picketing and does not prevent the Union from carrying on activities of a permissive informational nature.

That § 8(b) (7) (C), in effect, proscribes certain picketing, under particular circumstances which come within a valid and specifically defined policy enunciated by Congress, does not violate the First Amendment to the Constitution of the United States. Local Joint Board, Hotel and Restaurant Employees, etc. v. Sperry, 323 F.2d 75, 79 (8th Cir. 1963).

Enforcement of the order is granted.

Warren Burnett and Robert D. Pue, Odessa, Tex., for appellant.

Max N. Osborn, Midland, Tex., for appellee, Turpin, Smith, Dyer & Hardie, Midland, Tex., of counsel.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

PER CURIAM.

In this diversity case the appellant, Budd Pfeifer (plaintiff), complains of the action of the trial court in concluding that there was not sufficient evidence to sustain his complaint against Safeway Stores, Inc. (appellee) alleging that he was injured when he slipped and fell in the appellee's store. Appellant claims that the appellee was guilty of negligence in allowing foreign matter to remain on the floor of the store, or that such foreign matter had been placed there by an employee of the appellee. At the conclusion of the appellant's case the court granted the motion of the appellee for an instructed verdict and judgment was entered against appellant. Our review of the record fails to convince us that the trial court committed error. See F. W. Woolworth Co. v. Bell (5 Cir. 1961) 291 F.2d 912. The judgment is affirmed.

**Budd PFEIFER, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**
No. 21568.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1964.