FOODWAY, INC., Appellant,

v.

Maria LOPEZ, Appellee.

No. 6241.

Court of Civil Appeals of Texas,
El Paso.

March 29, 1972.

Turpin, Smith, Dyer, Harman & Osborn,
Max N. Osborn, Midland, for appellant.

William B. Smith, Midland, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a venue case. Maria Lopez, Plaintiff-Appellee, filed suit against Foodway, Inc., Defendant-Appellant, seeking damages resulting from slipping and falling on a grape in Defendant's store. Defendant filed its plea of privilege to be sued in Tarrant County which Plaintiff controverted under Subdivisions 9a and 23 of Ar-

ticle 1995, Vernon's Ann.Tex.Civ.St. The trial Court denied Defendant's plea. We reverse and remand with instructions.

At the hearing on the plea, the testimony of the Plaintiff and one James Moseley, an employee of the Defendant, was introduced. Plaintiff testified that she and a friend were shopping in Defendant's store and as they were going down an aisle, she slipped and fell on a grape and suffered personal injuries. The store clerk, Moseley, assisted her after the fall. She testified that she did not know who put the grape on the floor nor how long it had been there and that she saw nothing unusual about it. She also testified that the lighting in the store was satisfactory and that, as she proceeded down the aisle, she was not looking at the floor.

Moseley testified that he was in charge of the Defendant's produce counter and that the grape in question was of the same variety in stock. It was his duty to inspect the floor regularly as well as the produce. He had gone to lunch at 1:00 P.M. and, when he left, the aisle was clean. He had just returned from lunch at 1:30 P.M. and was walking down the aisle going to the rear of the store to punch the time clock when the accident occurred. The only discrepancy between the testimony of the Plaintiff and Moseley was the distance the clerk was from the Plaintiff at the time of the fall.

 The right to be sued in the County of one's residence is a valuable right. 59 Tex.Jur.2d 382. The filing of a Plea of Privilege is prima facie proof of the right to change of venue unless the opposing party discharges the burden thus imposed by proving that the case comes within one of the exceptions. Rule 86, Texas Rules of Civil Procedure; Keystone-Fleming Transport, Inc. v. City of Tahoka, Tex.Civ. App., 277 S.W.2d 202 (writ dismissed).

 Under existing decisions in this State applicable to slip and fall cases, the complaining party, in order to establish neg-

ligence of the store owner, must prove one of the following:

1. That the defendant put the foreign substance on the floor; or,

2. That the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or,

3. That the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care.

This is so well settled that the citation of numerous authorities is unnecessary. See The Great Atlantic & Pacific Tea Company v. Giles et ux., Tex.Civ.App., 354 S.W.2d 410 (Ref. n. r. e.). The parties are in agreement as to the applicable law in this State.

There is no evidence that the Defendant put the grape on the floor or knew that it was there. There is no evidence as to the length of time the grape was on the floor. The length of time the foreign substance is on the floor, in itself, however, is not necessarily the sole determining factor. The burden is on the Plaintiff to show that the foreign substance had been on the floor such a length of time that, in the exercise of ordinary care, the Defendant should have discovered and removed it. Plaintiff contends that the proximity of Moseley to the location of the grape and place of fall charges the Defendant with constructive notice of its presence. Plaintiff testified that, as she proceeded down the aisle, Moseley was with another man. She passed him a step or two and then fell. Moseley testified that when he returned from lunch, he was approached by a trucker who wanted to sell him something. He was thus intercepted by the salesman and was talking to him as the proceeded down the aisle. Whether accepting as correct the distance between Plaintiff and Moseley as testified to by Plaintiff or Moseley, in any event,

Moseley had not yet reached the location of the grape when Plaintiff fell.

The law of this State does not make a storekeeper an insurer of his invited customers. Furr's, Inc. v. McCaslin, Tex.Civ.App., 335 S.W.2d 284 (n. w. h.). The fact that a foreign substance is on the floor is not sufficient to warrant an inference that the storekeeper had placed or left it there or knew of its presence or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. Dill et ux. v. Holt's Sporting Goods Store, Tex.Civ.App., 323 S.W.2d 644 (n. w. h.).

We can only conclude that there is no evidence of any probative value that satisfies any one of the three requirements above recited in order to prove that the case is within the exception of the venue statute. The Great Atlantic & Pacific Tea Company v. Giles et ux., supra.

We therefore sustain Defendant's points of error, reverse the judgment of the trial Court, and remand with instructions to transfer this cause to Tarrant County as prayed for in Defendant's plea of privilege.