**Jimmie E. WHITFIELD, Individually and Jimmie E. Whitfield as Next Friend of Terrye Louise Whitfield, Appellants,**

**v.**

**FURR'S INC., a corporation, Appellee.**

**No. 6355.**

Court of Civil Appeals of Texas,
El Paso.

Nov. 21, 1973.

Rehearing Denied Dec. 19, 1973.

Guevara, Rebe & Armstrong, Sal Rebe, D. L. Armstrong, El Paso, for appellants.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, John A. Grambling, Harold L. Sims, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a venue case arising after a store customer suffered personal injuries when she kicked a coke bottle that was in her path as she pushed a grocery basket. The controverting plea sought to retain venue in El Paso County under Subdivisions 9a and 23 of Article 1995, Tex.Rev.Civ.Stat. Vernon's Ann. After non-jury hearing, the trial Court granted the plea of privilege and transferred the case to Lubbock County. We affirm.

The deposition of Terrye Louise Whitfield was offered into evidence and showed she had entered a Furr's store in El Paso to purchase a pack of soft drinks. She stated that she was thirteen years of age, she was pushing a cart basket and was looking for a six-pack of Diet Pepsi. She did not know who put the coke bottle on the floor or how long it had been there as she never saw it before she kicked it. The bottle was on her left side in the aisle and somehow she turned and hit the bottle with her foot. The bottle was knocked over and broken and her foot was cut. The bottle was on the floor when she hit it and it was a short distance from the base of the shelf.

The other testimony offered consisted of the deposition of the assistant store manager, Louis Becerra. He testified that the floors were cleaned under supervision the first thing in the morning and just before closing each evening. In addition to these two scheduled cleanings, the stockers and the carry-out boys were instructed to clean the floors any time during the day that they found them dirty or littered. All employees were instructed to pick up any bottles found on the floor and place them on the shelves. He testified that the accident occurred about 5:00 in the afternoon and he could not recall when was the last time that he had checked the area in question. He stated that he had no definite knowledge of any other employee examining the cleanliness of the aisle prior to the incident and that the area was in sight of the checkers.

By summary, the testimony is to the effect that no one knew that the coke bottle was on the floor until it was broken. No one knew who placed the bottle on the floor nor how long it had been there. The parties recognize the rule that to establish the negligence of the store owner, the plaintiff must show one of the following: That the defendant put the object on the floor; or that the defendant knew the object was on the floor and willfully or negligently failed to remove it; or that it had been on the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. Foodway, Inc. v. Lopez, 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); H. E. Butt Grocery Company v. Tester, 498 S.W.2d 683 (Tex.Civ. App.—Corpus Christi 1973, no writ). The mere fact that the coke bottle was on the floor was not sufficient to warrant an inference that the storekeeper had placed it there, or left it there, or knew of its presence, or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. The plaintiffs recognize that the burden is on them to prove the facts essential to a prima facie case and that the mere fact that the accident happened is not evidence of negligence. They argue that because there was an absence of proof that the aisle was cleaned or inspected at any particular time in the afternoon of the accident then this should lead to the establishment of liability by circumstantial evidence. This ignores the conceded burden of proof. It would be as reasonable to assume that the coke bottle was placed on the floor by a customer immediately preceding the plaintiff's arrival, as to assume that it had been there for such a length of time that the defendant

was negligent in failing to discover and remove it. Furr's Supermarkets, Inc. v. Arellano, 492 S.W.2d 727 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.). The necessary element of the plaintiffs' cause of action being absent, the proof fails to sustain venue under either Subdivisions 9a or 23 of the Statute. Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App. —Amarillo 1964, no writ).

Because the plaintiffs failed to offer evidence sufficient to establish a prima facie right to maintain suit in El Paso, we do not reach the question of the alleged failure of the plaintiffs to establish their necessary allegations by a preponderance of the evidence. 1 McDonald, Texas Civil Practice, Sec. 4.55, p. 613.

The judgment of the trial Court is affirmed.