**FURR'S, INC., Appellant,**

v.

**Martha LEYVA, Appellee.**

**No. 6597.**

Court of Civil Appeals of Texas, El Paso.

June 15, 1977.

Rehearing Denied July 6, 1977.

Kemp, Smith, White, Duncan, & Hammond, Joe Lea, Jr., E. Link Beck, El Paso, for appellant.

Law Offices of Allen Moore, Allen Moore, J. Roderick Price, Michael Owensby, Odessa, for appellee.

OPINION

WARD, Justice.

This is a venue case arising after a store customer suffered personal injuries when she fell because of some oil and glass on the floor of the Defendant's store. The Plaintiff's controverting plea sought to retain venue in El Paso County under Subdivisions 9a and 23 of Article 1995, Tex.Rev.Civ.Stat. Ann. After a non-jury hearing, the trial

Court denied the Defendant's plea and we reverse and remand with instructions.

Only the testimony of the Plaintiff, Martha Leyva, was before the Court. While she was shopping at the Defendant's store in El Paso, she was looking at items on the shelves and she suddenly and unexpectedly slipped and fell to the floor. She testified that she neither felt nor noticed anything on the floor and she was immediately assisted to her feet by an employee whom she identified as possibly a sacker. She and the store employee looked down and noticed that her toe was bleeding, and the employee then went back to inspect where she had fallen. The employee made the following statement to her:

" * * * that someone had broken a bottle on the floor; * * * that the floor was sort of oily; * * * and that somebody had tried to clean it up but there was some glass left on the floor."

She did not see or describe the place on the floor, she did not see anybody cleaning up the aisle, and she did not see anybody with a mop or a bucket before the accident occurred. The subsequent testimony concerned the injuries she sustained and the medical treatment involved.

The parties agree with the rule that to establish the negligence of the store owner, the Plaintiff must show one of the following: that the Defendant put the object on the floor; that the Defendant knew that the object was on the floor and wilfully or negligently failed to remove it; or that it had been on the floor for such a period of time that it would have been discovered and removed by the Defendant in the exercise of ordinary care. *Whitfield v. Furr's, Inc.*, 502 S.W.2d 897 (Tex.Civ.App.—El Paso 1973, no writ). The Plaintiff relies on the last two alternatives that the Defendant knew that the liquid and glass were on the floor and negligently failed to remove all of it, or had constructive knowledge of the presence of the substance. She argues that the legitimate and proper inference from the evidence was that from the very nature of a broken bottle of oil, only a store employee would pick up the broken bottle, and

he would be the only one who would even attempt to wipe up the mess. She compares these facts with the water case where it was testified that the water on the floor appeared dirty and to have been swept through with a broom. There, the circumstantial evidence and the inferences arising were held to lead to the more probable conclusion that it was an employee with a broom who had attempted the clean up. *H.E.B. Food Stores v. Slaughter*, 484 S.W.2d 794 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd).

Without any more before the Court than is in evidence in our case, it is just as reasonable to infer that shortly before the arrival of the Plaintiff, some embarrassed customer dropped a small bottle of oil, which did not shatter, and the customer then hurriedly picked it up and disposed of it on a nearby shelf but left some glass and oil on the floor.

One inference arising is just as reasonable and probable as the other. " 'However, a court or jury may not be left to speculate. * * * If there is no direct evidence as to the existence of an ultimate fact and the proven circumstances are consistent with either of two theories and there is nothing to show that one rather than the other probably is correct, then neither is proven.' " *Cambridge Mutual Fire Insurance Company v. Shoemake*, 403 S.W.2d 858 (Tex.Civ.App.—Dallas 1966, no writ). The fact that the foreign substance is on the floor is not sufficient to warrant the inference that the storekeeper had placed or left it there, or knew of its presence, or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. The Plaintiff has failed to discharge her burden imposed upon her by the filing of the plea of privilege. *Foodway, Inc. v. Lopez*, 480 S.W.2d 227 (Tex.Civ.App. —El Paso 1972, no writ).

The necessary element of the Plaintiff's cause of action being absent, the proof fails to sustain venue under either Subdivision 9a or 23 of the Statute. *Whitfield v. Furr's, Inc.*, supra at 899. The Defendant's first two points of error are sustained. We

reverse the judgment of the trial Court and remand with instructions to transfer this cause to Lubbock County as prayed for in Defendant's plea of privilege.

PRESLAR, Chief Justice, dissenting.

I respectfully dissent and would affirm the judgment of the trial Court.

The writer is of the opinion that there is some support in the evidence for the trial Court's presumed finding of negligence; under such circumstances, the appellate Court must affirm.

In the absence of findings of fact and conclusions of law, it is assumed on appeal that the Court found every fact necessary to sustain the judgment, if such factual propositions were raised by the pleadings and supported by the evidence, *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950), and the judgment will be affirmed on any legal theory that finds support in the evidence, *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962).

The evidence is that where the Appellee fell, someone had broken a bottle on the floor, that the floor was sort of oily, and that somebody had tried to clean it up but there was some glass left on the floor. We have, then, the dangerous condition of the oily floor with glass and the presumed finding of the Court that it had been on the floor a sufficient amount of time that, in the exercise of diligence, Appellant should have known that it was there. That makes out a cause of action for negligence and supports the Court's judgment. *H.E.B. Food Stores v. Slaughter,* cited by the majority, so holds and the majority opinion is in conflict with it. There, water on the floor was "dirt streaked as if someone had swept through the water. We believe that a proper inference can be based upon this evidence that the defendant knew the water was on the floor or that it had been there long enough so that the defendant should have known about it." Later in the opinion, the Court said:

"On the basis of all the foregoing we believe that there was circumstantial evidence in the record to the effect that the

wet condition of the floor was known to at least the one employee who attempted to sweep up the water."

Here, the evidence is direct, not a matter of inference, that "somebody had tried to clean it up." That raises a very logical inference, which the trial Court presumably found, that such cleaning up would be attempted by the store owner or employees whose job and duty it was to clean the store.

The real point and purpose of this dissent is not the strength or weakness of the evidence above discussed, but rather the review of it by this Court. This Court is not here making an original determination of the ultimate facts from the evidence; the trial Court has done that; we are reviewing those findings. It matters not that we might have reached a different conclusion, and we are not at liberty to substitute our findings for those of the trial Court. These well established rules govern the review of this case so that I conclude that under the record, this Court must affirm the judgment.

In *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 at 323 (1959), the Supreme Court stated the rule:

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment * * *."

This case has been followed and cited in so many cases that an entire column of the citator is filled by them.

Our Supreme Court in the *Renfro Drug* case, supra 235 S.W.2d at 613, said:

" * * * In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature' * * *."

I would affirm the judgment of the trial Court overruling the plea of privilege.