FURR'S, INC., Appellant,

v.

Lucy QUIJANO, Appellee.

No. 6751.

Court of Civil Appeals of Texas, El Paso.

Aug. 16, 1978.
Rehearing Denied Sept. 13, 1978.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Michael D. McQueen, El Paso, for appellant.

Marshall & Associates, Richard T. Marshall, Michael D. Volk, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a venue case involving a slip and fall on a celery leaf in a grocery store. The trial Court overruled the Appellant's plea of privilege. We reverse and render.

Lucy Quijano was shopping in the frozen foods department of Appellant's supermarket on Montana Avenue in El Paso when she slipped and fell. She was pushing a grocery cart and did not see anything on the floor in front of her. At the time, the store was crowded and she was at the opposite end of the store from the vegetable counter. She thought she stepped on a lettuce leaf, but a store employee told her it was a celery leaf. She described the leaf as being yellow and dry. She said she was wearing flat heel shoes at the time.

Mrs. Quijano readily acknowledged on cross-examination that she did not know how the leaf got on the floor and did not know who put it there. She did not see anybody handling celery or lettuce as she came down the aisle where she fell. She was in the aisle where she fell only a short time before the accident occurred.

The Appellee asserts that venue can be maintained in El Paso County under Subdivisions 9a and 23 of Article 1995, Tex.Rev. Civ.Stat.Ann. The Appellant contends that the proof does not establish a cause of action and that venue may not be maintained under either Subdivision.

The controlling law as to Subdivision 9a was set forth by this Court in *Foodway, Inc. v. Lopez,* 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ), as follows:

> "The right to be sued in the County of one's residence is a valuable right. 59 Tex.Jur.2d 382. The filing of a Plea of Privilege is prima facie proof of the right to change of venue unless the opposing party discharges the burden thus imposed by proving that the case comes within one of the exceptions. Rule 86, Texas Rules of Civil Procedure; *Keystone-Fleming Transport, Inc. v. City of Tahoka,* Tex.Civ.App., 277 S.W.2d 202 (writ dismissed).

"Under existing decisions in this State applicable to slip and fall cases, the complaining party, in order to establish negligence of the store owner, must prove one of the following:

"1. That the defendant put the foreign substance on the floor; or,

"2. That the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or,

"3. That the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

By the Appellee's own testimony, the first requirement is removed from the case. She did not testify that Appellant knew of the foreign substance, and the second requirement is not proved. Her case is based entirely on the third requirement. She asserts that because the leaf was yellow and dry, it had been on the floor for such a period of time that Appellant was charged with knowledge and it should have discovered and removed the leaf in the exercise of ordinary care. Somewhat similar contentions prevailed in this Court as to dried grape juice in *Furr's, Inc. v. Bolton*, 333 S.W.2d 688 (Tex.Civ.App.—El Paso 1960, no writ); as to dried chow-chow in *Furr's, Inc. v. McCaslin*, 335 S.W.2d 284 (Tex.Civ.App. —El Paso 1960, no writ); and as to a dried Ice in *Goodson v. Southland Corporation*, 454 S.W.2d 823 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.). In each of those cases, the drying of the foreign substance occurred after the substance was on the floor, and there was some evidence as to how long that drying process would take. But in this case, there is no evidence as to how long it would take a celery leaf to turn yellow and dry, and, even if there was, that process could just as easily have occurred on the vegetable shelf as on the floor. We may not infer otherwise. In *Furr's, Inc. v. Bolton*, supra, the Court said:

" * * * The many cases cited here have rejected plaintiff's attempt to show by inference that the article causing the fall had been on the floor a sufficient length of time to have placed a duty on the storekeeper to have known and done something about it. But these cases, with one exception, deal with things like bananas, grapes, mustard leaves, chewing gum, ice cream, etc. In such cases the court was asked to find, or infer, that the withering, blackening or deterioration took place *after* the article was on the floor. The courts have held such is an unwarranted inference and, generally speaking, we agree. The grape or the banana may have been black or withered before it got on the floor, and, in some of these cases, it would have required an inference upon inference, or a presumption upon presumption. * * * "

Again, in *Furr's, Inc. v. McCaslin*, supra, this Court said:

"Where it is equally as probable that the withering, blackening and deterioration, or the melting of the ice cream, occurred *before* it got on the floor, a finding that it took place *afterward* is an unwarranted inference and may not be sustained. * * * "

■ The Plaintiff's burden of proof cannot be sustained by a reliance upon an inference which has no support in the evidence. *Furr's, Inc. v. Leyva*, 553 S.W.2d 202 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.); *Whitfield v. Furr's, Inc.*, 502 S.W.2d 897 (Tex.Civ.App.—El Paso 1973, no writ).

■ As to the applicability of Subdivision 9a, we conclude as the Court did in *Foodway, Inc. v. Lopez*, supra:

"The law of this State does not make a storekeeper an insurer of his invited customers. *Furr's, Inc. v. McCaslin*, Tex.Civ. App., 335 S.W.2d 284 (n. w. h.). The fact that a foreign substance is on the floor is not sufficient to warrant an inference that the storekeeper had placed or left it there or knew of its presence or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. *Dill et ux. v. Holt's Sporting Goods Store*, Tex.Civ.App., 323 S.W.2d 644 (n. w. h.).

"We can only conclude that there is no evidence of any probative value that satisfies any one of the three requirements above recited in order to prove that the case is within the exception of the venue statute. *The Great Atlantic & Pacific Tea Company v. Giles et ux.,* supra."

The Appellant recognizes, and the cases hold, that it is necessary to prove a cause of action in order to sustain venue under Subdivision 23 of the Venue Statute. *Victoria Bank & Trust Co. v. Monteith,* 138 Tex. 216, 158 S.W.2d 63 (1941); *Furr's Super Market, Inc. v. Jernigan,* 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, no writ). Since the Appellee did not prove a cause of action, venue may not be sustained in El Paso County under either Subdivision 9a or 23 of the Venue Statute. The Appellant's Points of Error Nos. 1 and 2 are sustained. The judgment of the trial Court is reversed and the cause is ordered transferred to the District Court of Lubbock County, Texas.