FURR'S, INC., Appellant,

v.

Julieta A. SIGALA, Appellee.

No. 7032.

Court of Civil Appeals of Texas,
El Paso.

Nov. 5, 1980.

Diamond, Rash, Anderson, Leslie & Smith, Charles E. Anderson, El Paso, for appellant.

Arthur A. Abraham, El Paso, for appellee.

## OPINION

OSBORN, Justice.

Furr's, Inc., appeals from the trial Court's order overruling its plea of privilege to have this slip and fall case transferred to Lubbock County. It presents one point of error, asserting that the trial Court erred in sustaining venue under Subdivision 9a of Article 1995, Tex.Rev.Civ.Stat.Ann., because there was no evidence to establish that Appellant knew or should have known of a dangerous condition on its premises. We sustain the point of error, and order the case transferred.

The only witness at the venue hearing, Julieta Sigala, testified that she was a customer at Appellant's store in El Paso County when she fell and injured herself in December, 1977. On that occasion, she went to where the tuna fish was, and she slipped and fell on what she thought was baby shampoo. She said it was a clear substance and she couldn't see it. A store clerk was working in the aisle where she fell. There is no testimony as to when or how the foreign substance got on the floor.

The controlling law as to Subdivision 9a of Article 1995, Tex.Rev.Civ.Stat.Ann., was set forth by this Court in *Foodway, Inc. v. Lopez*, 480 S.W.2d 227 (Tex.Civ.App.–El Paso 1972, no writ), as follows:

> The right to be sued in the County of one's residence is a valuable right. 59 Tex.Jur.2d 382. The filing of a Plea of Privilege is prima facie proof of the right

to change of venue unless the opposing party discharges the burden thus imposed by proving that the case comes within one of the exceptions. Rule 86, Texas Rules of Civil Procedure; *Keystone–Fleming Transport, Inc. v. City of Tahoka*, Tex.Civ.App., 277 S.W.2d 202 (writ dismissed).

Under existing decisions in this State applicable to slip and fall cases, the complaining party, in order to establish negligence of the store owner, must prove one of the following:

1. That the defendant put the foreign substance on the floor; or,

2. That the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or,

3. That the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care.

Subsequent cases by this Court have followed that case and this well recognized rule in slip and fall cases. *Whitfield v. Furr's Inc.*, 502 S.W.2d 897 (Tex.Civ.App.–El Paso 1973, no writ); *Furr's, Inc. v. Leyva*, 553 S.W.2d 202 (Tex.Civ.App.–El Paso 1977, writ ref'd n. r. e.); *Furr's, Inc. v. Quijano*, 571 S.W.2d 343 (Tex.Civ.App.–El Paso 1978, no writ). Many other cases so holding are noted in *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex.Civ.App.–Dallas 1962, writ ref'd n. r. e.).

In this case, the Appellee did not see the foreign substance before she fell. She did not know how it got on the floor nor how long it had been there. There was no proof to show that it had been on the floor for such a length of time that it would have been discovered and removed prior to this accident by the store owner in the exercise of ordinary care. None of the three conditions which could result in liability were established by the testimony of Appellee.

The mere fact that a store employee was in the same aisle when and where the accident occurred is not sufficient without other proof to establish liability. In *H. E. B. Foods, Inc. v. Moore*, 599 S.W.2d 126 (Tex. Civ.App.–Corpus Christi 1980, no writ), the Court said:

The mere fact that a foreign substance is on the floor of a store, which caused the floor to become slippery, and that a store employee is in the immediate vicinity at the time the plaintiff fell, is not sufficient evidence, standing alone, to raise an inference that the storekeeper either placed the substance there; knew that it was there and willfully or negligently failed to remove it; or that the substance had been there for a sufficient length of time that such store employee would or should have discovered and removed the substance, had he used ordinary care.

Similar results were reached in the *Giles* and *Lopez* cases where there was proof that a store employee was in the aisle where the fall occurred, but there was no proof the employee knew of the foreign substance prior to the falls involved in those cases.

In our case, the trial Court found that Appellant "permitted a clear substance to remain on the floor, which Plaintiff could not see, and which was not obvious, but on which Plaintiff fell and injured herself." That finding does not resolve the initial issue of notice, either actual or constructive, on which liability may be based. In *Del Camino Courts, Incorporated v. Curtice*, 323 S.W.2d 355 (Tex.Civ.App.–El Paso 1959, no writ), the Court held that a finding that the defendant "caused said splotch of slippery waxy–like substance to exist" was not sufficient to establish liability.

We sustain Appellant's Point of Error Number One. The case is ordered transferred to a district court of Lubbock County, Texas.