FURR'S SUPER MARKET, Appellant,

v.

May GARRETT and Jack Garrett,
Appellees.

No. 7011.

Court of Civil Appeals of Texas,
El Paso.

April 1, 1981.

Rehearing Denied April 29, 1981.

Stubbeman, McRae, Sealy, Laughlin &
Browder, John Harrell Feldt and Michael B.
McKinney, Midland, for appellant.

William B. Smith, Midland, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this venue case, the trial court, in reliance on Subdivision 9a, Negligence, of Article 1995, Tex.Rev.Civ.Stat.Ann., overruled the plea of privilege of Furr's Super Market. We affirm.

Appellee May Garrett entered Appellant's grocery store for the purpose of shopping, and slipped and fell from a substance on the floor consisting of a banana skin and a lot of liquid. She and her husband then brought this action, alleging that she was injured as a result of the slip and fall and such injuries were caused by the negligence of Appellant, Furr's Super Market. Appellant contends that Appellees did not establish Section 1 of Subdivision 9a by a preponderance of the evidence, failing to prove that an act or omission of negligence occurred in Midland County. Appellant recites what numerous cases have held—that in order to establish venue under Subdivision 9a in a slip and fall case, the plaintiff must prove that (1) the defendant placed the substance on the floor, or (2) the defendant knew the substance was on the floor and willfully or negligently failed to remove it, or (3) the substance had been on the floor for such a period of time that in the exercise of ordinary care it should have been discovered and removed—citing *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587 (Tex. Civ.App.—Tyler 1978, no writ); *Whitfield v. Furr's, Inc.*, 502 S.W.2d 897 (Tex.Civ.App. —El Paso 1973, no writ). Appellant then urges that there is no evidence or insufficient evidence to sustain a finding of any of

those three conditions. We are of the opinion that the judgment must be sustained on the basis that the employees of Appellant, in the exercise of ordinary care, should have known that the substance was on the floor.

■ The Court found that five employees of the Defendant store, who were in the course and scope of their employment on the occasion, were located near the place of the fall—five to six feet or closer; that such employees were there for a continuous time before the Plaintiff fell, and they were there at the time of her fall and immediately thereafter. The Court also made a finding that one or all, or combination thereof, of such employees knew that the substance was on the floor or, with the exercise of ordinary care, should have known that the substance was on the floor. This is the correct application of the duty of reasonable care owed by the Appellant to Appellee, its invitee. Restatement (2d) of Torts sec. 343 (1965), adopted by the Supreme Court of Texas in *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex.1972), provides:

Sec. 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Whether the occupier, by the exercise of reasonable care, would discover the condition is, then, a proper issue in an occupier/invitee case. One way to establish that the occupier should have known of the dangerous condition is proof that the condition existed for such a length of time as would give the occupier a reasonable opportunity to discover it. Justice Pope discusses this in *Coffee v. F. W. Woolworth Company*, 536 S.W.2d 539 (Tex.1976). In that case, the jury had found that the defendant knew or should have known of the dangerous condition, but the trial court granted judgment n.o.v. That was a trip and fall case in which a merchandise shelf protruded into the aisle and Mrs. Coffee tripped over it. The Court of Civil Appeals upheld the judgment n.o.v., and focused its attention on the finding that the defendant knew or should have known of the condition of the shelf protruding into the aisle and being empty of merchandise, saying: "There is also a total absence of evidence regarding the time when the 'gondola' was emptied or how long it had been empty before Mrs. Coffee tripped over it." 526 S.W.2d 793 at 795. In reversing the case, Justice Pope discussed how the rule developed that the plaintiff must produce some evidence that the foreign substance had been on the floor a sufficient length of time to give the proprietor notice. There was no evidence in the case as to the length of time, but Justice Pope wrote of other things which sustained the jury's finding that the defendant knew or should have known of the dangerous condition. Likewise, in the case before us, there is no evidence of the length of time that the substance had been on the floor, but there is other evidence that upholds the Court's findings that the employees of Appellant, with the exercise of ordinary care, should have known that the substance was on the floor.

■ Appellee testified with the aid of a rough plat of the floor plan of the store. From her testimony and the plat, it appears to us that there was such an amount of water present on the floor, and the five employees were so close to that water, that, in the exercise of ordinary care, they should have observed it. Appellee entered the store and fell in an area between the entry door and the check-out stands, which is not an area where merchandise was displayed. There were five employees in close proximity to the point of fall—within five or six feet of it, in fact. Appellee testified that there was "[q]uite a lot of liquid;" that her clothing was "soaking wet;" that there was

a trail of water from the check-out stand to the door; and that there was a pool of water where she fell. "[T]he pool went around this desk here. It went around the corner of the desk and along here." This was sketched in on a plat to be from check-out counter to the door. "But I did look around good and I saw this trickle, trickle, trickle and a pool there. I didn't know it was water. I didn't know what it was at that time." The nearness of the employees to that much water is evidence that, with the exercise of ordinary care, they should have known that the substance was on the floor. This is evidence of a probative nature to support the trial Court's finding and it is binding on this Court. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex. 1979).

The judgment of the trial Court is affirmed.

OSBORN, Justice, dissenting.

I respectfully dissent. No court in this State has ever held that an occupier of premises is charged with constructive knowledge of a foreign substance on a floor where, as the majority opinion concludes, "there is no evidence of the length of time that the [foreign] substance had been on the floor, * * *."

In 1949, Justice Norvell, writing for the San Antonio Court of Civil Appeals in *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501 (writ ref'd n.r.e.), said that in order to establish liability against the defendant operator of a store in a slip and fall case, it was necessary to show:

1. That the defendant put the foreign substance upon the floor, or,

2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care.

That same or similar language has been used on many occasions to reflect the applicable law in slip and fall cases. *See:* *O'Neal v. J. Weingarten, Inc.*, 328 S.W.2d 793 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.); *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.); *Hall v. Safeway Stores, Inc.*, 360 S.W.2d 536 (Tex. Civ.App.—Eastland 1962, writ ref'd n.r.e.); *Furr's Super Market, Inc. v. Jernigan*, 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, no writ). Up to now, this Court has also applied that same rule. *Foodway, Inc. v. Lopez*, 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex.Civ. App.—El Paso 1973, writ ref'd n.r.e.); *Whitfield v. Furr's, Inc.*, 502 S.W.2d 897 (Tex.Civ.App.—El Paso 1973, no writ); *Furr's, Inc. v. Leyva*, 553 S.W.2d 202 (Tex. Civ.App.—El Paso 1977, writ ref'd n.r.e.); *Furr's, Inc. v. Quijano*, 571 S.W.2d 343 (Tex. Civ.App.—El Paso 1978, no writ); *Furr's, Inc. v. Sigala*, 608 S.W.2d 789 (Tex.Civ.App. —El Paso 1980, no writ).

Likewise, it has never been the law of this State that the mere presence of water upon the floor of a store is sufficient to establish liability against the store owner. *Furr's, Inc. v. Martin*, 296 S.W.2d 607 (Tex. Civ.App.—Eastland 1956, no writ); *H. E. Butt Grocery Co. v. Kirkwood*, 384 S.W.2d 790 (Tex.Civ.App.—Corpus Christi 1964, no writ); *F. W. Woolworth Company v. Bell*, 291 F.2d 912 (5th Cir. 1961, cert. denied 368 U.S. 915, 82 S.Ct. 194, 7 L.Ed.2d 131).

The decision in *Coffee v. F. W. Woolworth Company*, 536 S.W.2d 539 (Tex.1976), is not applicable to the facts in this case. First of all, the claimant in that case did not slip and fall on a foreign substance on the floor. But, even if the "gondola" could be considered a foreign substance, it was one which was placed upon the premises by the store owner and therefore it had actual knowledge of the dangerous condition which was created by the presence of the gondola. In the *Sigala* case, *supra*, this Court followed the holding in *H. E. B. Foods, Inc. v. Moore*, 599 S.W.2d 126 (Tex. Civ.App.—Corpus Christi 1980, no writ), to the effect that the presence of a store employee in the immediate vicinity of the loca-

tion where the invitee fell is not sufficient to establish liability. Some five months later, the Court now does an about face and concludes that the presence of the store employees in close proximity to the point of fall is sufficient to establish liability.

Finally, the majority opinion totally fails to recognize and discuss the issue of whether the foreign substance had been on the floor for such a period of time that it not only would have been discovered, *but* that it also would have been removed by the Defendant in the exercise of ordinary care. If there is no proof as to the length of time the foreign substance had been on the floor, how can there be a determination that in the exercise of ordinary care the substance should have been both *discovered and removed* prior to Mrs. Garrett's fall? *See*: Dissenting Opinion, *Kimbell, Inc. v. Hernandez*, 572 S.W.2d 784 at 786–7 (Tex.Civ. App.—El Paso 1978, no writ).

Without having made any effort to establish what, if any, knowledge those employees near the fall may have had concerning this accident, it appears the evidence has not been fully developed and the case should be remanded for another hearing. But, I dissent from the decision which affirms the order of the trial Court.