STATE of Tennessee, ex rel. Carolyn
D. SMITH, Plaintiff/Appellee,

v.

Edward Lee EARLY,
Defendant/Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 12, 1996.

Permission to Appeal Denied by
Supreme Court Nov. 4, 1996.

---

Jon S. Jablonski, Nashville, for Defendant/Appellant.

Charles W. Burson, Atty. Gen. and Reporter, James H. Tucker, Jr., Nashville, for Plaintiff/Appellee.

## OPINION

LEWIS, Judge.

This is an appeal brought by respondent/appellant, Edward Lee Early, from a judgment of the trial court ordering him to pay future and retroactive child support. The pertinent facts are as follows.

On 9 June 1980, plaintiff/appellee, Carolyn D. Smith, gave birth to a child, Tamika LaShone Smith. Nine years later, she filed a Uniform Support Petition in the Franklin County Chancery Court of Mississippi. Thereafter, the Mississippi court entered an order transferring the case to Tennessee's courts.

On 19 June 1989, the Fourth Circuit Court of Davidson County entered an order requiring defendant to appear and show cause why the court should not enter an order requiring defendant to pay child support. Nearly four years later, the Fourth Circuit Court entered an order requiring defendant to pay the circuit court clerk $315.00 every two weeks pending final resolution of the matter. On 25 July 1994, the court entered an order and made the following findings: 1) defendant is the father of the child; 2) defendant's gross monthly income is $3,722.00; 3) Tennessee's child support guidelines apply to the case; and 4) defendant is liable for the child's medical insurance. The court then ordered defendant to pay monthly child support of $565.00 plus the clerk's commission of $28.25 and to obtain medical insurance for the child within thirty days. In addition, the court set a hearing date to determine the issue of retroactive support.

On 25 August 1994, the court held a hearing as to the amount of retroactive support owed to plaintiff. Thereafter, plaintiff filed a proposed order stating that the parties reached an agreement which included a finding that defendant owed plaintiff $38,000.00 in retroactive support as of 30 June 1994. On 24 October 1994, the court entered an order accepting the agreement of the parties and setting monthly payments at $89.25.

On 8 September 1994, defendant filed a motion to set aside the order arguing that there was a mutual mistake of law. Specifically, defendant claimed that Mississippi Code Annotated section 93–9–11 limited plaintiff's recovery of retroactive support to one year preceding the commencement of the action. On 9 January 1995, the court entered an order setting aside the previous order. The court then set the case for a hearing on the reasonableness of the amount of retroactive support, but affirmed its previous decision holding that Tennessee, not Mississippi, law applied to the case. On 14 March 1995, the court entered an order finding that, based on defendant's income from October 1989 through June 1994, defendant owed plaintiff $30,282.00. Because there was no proof of defendant's actual income, the court assumed defendant's yearly income was

$25,761.00. From this, the court calculated the arrearage for June 1980 through September 1989 to be $40,218.00. In an amended order, entered on 4 April 1995, the court held that it would modify the order if defendant provided proof of his actual income within sixty days.

On 26 April 1995, defendant filed a motion asking the court to recalculate the arrearage amount based on his actual income and to apply the Mississippi statute limiting plaintiff's recovery of retroactive support to one year preceding the commencement of the action. On 16 August 1995, the court entered its final judgment. The court held that Mississippi's statute of limitations and Tennessee's fifteen percent rule did not apply to the determination of the arrearage amount. The court calculated the arrearage for each year by multiplying the number of payments per year times the child support rate based on twenty-one percent of defendant's net income. As a result, the court held that defendant owed plaintiff a total of $67,167.42 for June 1980 through September 1989. The court then took into account all payments made on the arrearage through June 1995 and held that the total child support judgment through June 1995 was $57,524.63.

Thereafter, defendant filed his notice of appeal. He presented the following issues:

## ISSUE I

Whether the Court erred in setting retroactive child support from the date of birth instead of limiting retroactive child support to the period from one year prior to the filing of the URESA petition in Mississippi.

## ISSUE II

Whether the court erred in setting retroactive child support without applying the 15% rule of the Tennessee child support guidelines while at the same time applying the 21% presumption of the guidelines in setting retroactive child support.

Defendant's first issue is a choice of law question, i.e., did the trial court correctly choose to apply Tennessee law. It is defendant's contention that the trial court should have applied Mississippi law. Specifically, he asserts that Mississippi Code Annotated section 93–9–11 limits plaintiff's recovery of retroactive child support. That statute provides as follows: "The father's liabilities for past education and necessary support and maintenance and other expenses are limited to a period of one (1) year next preceding the commencement of an action." MISS.CODE ANN. § 93–9–11 (1994).

In support of this claim, defendant makes two arguments. First, he argues that Mississippi's choice of law statute [1] allows the obligee to choose either the law of the initiating state or the law of the responding state and that plaintiff chose the law of the initiating state, Mississippi, in her petition. Defendant's second argument is "even if the Mississippi Statute didn't specifically require the election, which it does, the Mississippi limitation would still apply because the limitation is substantive, not procedural...."

These arguments are without merit. "A court, subject to constitutional restriction, will follow a statutory directive of its own state on choice of law." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(1) (1971); see Hataway v. McKinley, 830 S.W.2d 53, 59 & nn. 2–3 (Tenn.1992) (adopting sections 145 and 175 of the Restatement which incorporate section 6). Thus, when determining which choice of law statute to apply, Tennessee's courts should look to its statutes if such a statute exists. In this case, there is a choice of law statute which provides:

Duties of support applicable under this part are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state

---

1. The choice of law statute provides as follows: Duties of support enforceable under this law are those imposed or imposable under the laws of any state or jurisdiction where the alleged obligor was present during the period for

which support is sought or where the obligee was present when the failure to support commenced, at the election of the obligee.
MISS.CODE ANN. § 93–11–15 (1994).

during the period for which support is sought until otherwise shown.

TENN.CODE ANN. § 36-5-207(a) (1991). Mississippi's courts have also adopted section 6 of the Restatement to guide them when making choice of law decisions. *Spragins v. Louise Plantation, Inc.*, 391 So.2d 97, 99-100 (Miss.1980). Both of defendant's arguments assume the application of Mississippi's choice of law statute. Because this assumption is incorrect, defendant's arguments must fail.

■ Tennessee's choice of law statute applies in this case. Pursuant to that section, Tennessee's substantive law applies, not that of Mississippi. Moreover, "matters of procedure ... are governed by the law of the forum...." 16 AM.JUR.2D § 118 (1979). Therefore, it does not matter whether plaintiff made an election or whether the Mississippi's statute is substantive or procedural.

■ Defendant's second issue is also without merit.

In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties.

TENN.CODE ANN. § 36-5-101(e)(1) (1991). The trial court did not make any findings nor is there any evidence in this case that the guidelines would be unjust or inappropriate. Thus, the guidelines apply to these parties. "The child support award is based on a flat percentage of the obligor's net income ... depending on the number of children for whom support is being set...." TENN. COMP.R. & REG. ch. 1240-2-4-.03(2) (1994). Paragraph five provides that the obligor shall pay twenty-one percent of his net income for one child. *Id.* ch. 1240-2-4-.03(5).

■ It is defendant's contention, however, that the trial court should have applied the fifteen percent modification rule in conjunction with the twenty-one percent rule. The fifteen percent modification provision comes from two sources. The first, Tennessee Code Annotated, provides as follows:

In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered....

TENN.CODE ANN. § 36-5-101(a)(1) (Supp. 1995). The second, the regulations, defines the term significant variance as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month and at least fifteen dollars ($15.00) if the current support is less than $100.00 per month." Both of these sources assume the existence of a current order of support. In other words, there must be an existing judgment for the court to modify. In this case, there was no judgment prior to the instant action. Plaintiff did not ask the court to modify an existing order; she asked the court to make an initial order. Under these circumstances, the fifteen percent modification rule is inapplicable. Thus, the trial court correctly determined the amount of the arrearage.

■ Although he did not properly brief the issue, defendant propounded another reason for reversing the trial court. During oral argument and in his statement of the facts, defendant mentioned that plaintiff failed to request reimbursement or arrearages in her petition. It is defendant's contention that, because plaintiff did not check the appropriate boxes in the petition, she can not recover for back child support. Defendant, however, never raised this objection in the trial court. Not only did he fail to object to the retroactive child support award, but he provided the court with evidence of his actual income since 1980, argued that the court should base the retroactive child support amount on his actual income, and argued that the court should apply the Mississippi limitation on recovery. Defendant waived any objection to the retroactive child support award on the ground that it exceeded the scope of

the pleadings. *Irvin v. Binkley,* 577 S.W.2d 677, 679 (Tenn.App.1978).

For the foregoing reasons, the decision of the trial court is affirmed, and the case is remanded for any further necessary proceedings. Costs of appeal are taxed to defendant/appellant, Edward Lee Early.

TODD, P.J. (M.S.), and CANTRELL, J., concur.