IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2002 Session

## MARGARET PARKER v. THE KROGER COMPANY

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 95499-2 T.D.     The Honorable James F. Russell, Judge**

**No. W2002-02279-COA-RM-CV - Filed October 11, 2002**

The Circuit Court, Shelby County, granted summary judgment for Defendant in a slip and fall case. The Court of Appeals reversed and remanded the case. The Supreme Court granted appeal and remanded the case by Order dated September 23, 2002 to the Court of Appeals for the sole purpose of determining the applicability, if any, of the Texas Supreme Court opinion in *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002). On remand, the Court of Appeals withdrew the Court's previously filed opinion and affirms the Trial Court's grant of summary judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Marshall L. Gerber, Memphis, For Appellant, Margaret Parker

Minton P. Mayer, Memphis, For Appellee, The Kroger Company

### OPINION

This slip and fall case is before the Court on remand from the Supreme Court for this Court to determine the applicability, if any, of Texas Supreme Court opinion in *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002). The Court, pursuant to the Supreme Court's mandate, withdrew its Opinion filed March 19, 2002 and has reconsidered the case.

Plaintiff, Margaret Parker ("Ms. Parker"), appeals from an order granting summary judgment to Defendant, The Kroger Company ("Kroger"). Ms. Parker, a resident of Shelby County, Tennessee, slipped in a Kroger store located in Flower Mound, Texas on a "dark object like a grape or a piece of vegetable" that had been mashed. Ms. Parker injured her knee in the fall.

Ms. Parker filed a complaint in this action in Shelby County Circuit Court on June 26, 1998. Kroger then filed a Motion to Dismiss on the grounds of *forum non conveniens*, which the trial

court granted. This Court reversed the trial court and remanded the case to the circuit court. Upon remand, Kroger filed a Motion for Summary Judgment, which the trial court granted on July 24, 2001.

Ms. Parker appeals and presents one issue on appeal: Whether the trial court erred in granting Kroger summary judgment. For the following reasons, we affirm the trial court and hold that summary judgment was appropriate in this case.

Although the parties agree that the substantive law of Texas applies, the procedural aspects of the case are governed by Tennessee law. *See Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1 (Tenn. Ct. App. 1998); *State ex rel. Smith v. Early*, 934 S.W.2d 655 (Tenn. Ct. App. 1996).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Texas law requires the plaintiff in a slip and fall case to prove four elements to recover damages:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
(2) That the condition posed an unreasonable risk of harm;
(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(4) That the owner/operator's failure to use such care proximately caused the plaintiff's damages.

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935 (Tex. 1998). The issue before us involves the first element, actual or constructive knowledge of some condition on the premises by the owner/operator. Constructive knowledge may be established by showing "more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Id.* at 936.

In *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812 (Tex. 2002), the Texas Supreme Court was faced with the question of whether "evidence that the premises [sic] owner's employee was in close proximity to the dangerous condition right before the plaintiff fell, without more, is legally sufficient to charge the premises [sic] owner with constructive notice." *Id.* at 813. The Court noted that there was a split in the intermediate appellate courts regarding the import of proximity evidence. The Court noted that some courts have held that proximity evidence alone is insufficient to establish constructive notice, citing *Wal-Mart Stores v. Rosa*, 52 S.W.3d 842, 844 (Tex. App. San Antonio 2001); *Furr's, Inc. v. Sigala*, 608 S.W.2d 789, 790 (Tex. App. El Paso 1980); *H. E. B. Foods, Inc. v. Moore*, 599 S.W.2d 126, 129 (Tex. Civ. App. Corpus Christi 1980). Other Courts of Appeals have held that evidence of an employee's proximity to a dangerous condition can establish constructive notice. *See Wal-Mart Stores, Inc. v. Garcia*, 30 S.W.3d 19, 23 (Tex. App. San Antonio 2000); *Duncan v. Black-Eyed Pea U.S.A., Inc.,* 994 S.W.2d 447, 449-50 (Tex. App. Beaumont 1999); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281-82 (Tex. Civ. App. El Paso 1981).

In *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812 (Tex. 2002), the Court said:

Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an

-3-

employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. *But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.*

*Id.* at 816, (emphasis added).

In the case at bar, Ms. Parker fell on a "dark object. . . that had been mashed" in the area where customers exit the checkout lines and the store. Ms. Parker opines that the object "had been there for some time." She argues that the proximity of the area where she fell to the checkout counter with Kroger employees on duty is sufficient to establish that Kroger had constructive knowledge that a dangerous or defective condition existed. Ms. Parker has produced no credible evidence of how long the object she slipped on had been on the floor, but has only presented evidence that the area in which she slipped was close to the Kroger checkout counters with employees present and that the condition of the offending object gave the appearance of having been mashed. In the absence of any temporal evidence of how long the object had been on the store's floor, there is no proof that more likely than not the condition existed long enough to give Defendant a reasonable opportunity to "discover and rectify it, or to warn about it." *Id.* at 817.

Accordingly, the order of the trial court granting summary judgment is affirmed. Costs of the appeal are assessed to the appellant, Margaret Parker, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.