IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 17, 2013

## MOUNTAIN COMMERCE BANK v. FIRST STATE FINANCIAL, INC.

**Appeal from the Chancery Court for Knox County**
**No. 1772132     Hon. Daryl R. Fansler, Chancellor**

_____

**No. E2012-01328-COA-R3-CV - Filed May 31, 2013**

_____

This appeal involves two letters of credit issued by First State to Commerce Bank for the benefit of Debtor, who subsequently defaulted on two loans that were secured by the letters. Commerce Bank issued a sight draft requesting full payment, but First State submitted partial payment. Commerce Bank filed suit. Following a hearing, the trial court held that First State was obligated to fulfill each letter of credit in its entirety. The court granted Commerce Bank's request for attorney fees but denied the request for pre-judgment interest. First State and Commerce Bank appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

D. Michael Tranum, Johnson City, Tennessee, for the appellant, Mountain Commerce Bank.

J. Thomas Jones, Knoxville, Tennessee, for the appellee, First State Financial, Incorporated.

**OPINION**

**I.  BACKGROUND**

The facts of this case are not in dispute.  In June 2008, Glenn Wright ("Debtor") executed two promissory notes with Mountain Commerce Bank ("Commerce Bank") for the purchase of real estate in Monroe County and Campbell County.  The Monroe County promissory note was secured by an intercreditor agreement, providing that LTR Properties,

Incorporated, Mike Ross, and Dale Ross (collectively "Monroe Sellers") would repurchase the property if Debtor defaulted. First State Financial, Incorporated ("First State") secured the intercreditor agreement by issuing a letter of credit to Commerce Bank in the amount of the note, $3.36 million. The Campbell County promissory note was secured by an intercreditor agreement, providing that RMT Cottages, LLC, Mike Ross, and Dale Ross (collectively "Campbell Sellers") would repurchase the property if Debtor defaulted. First State secured the intercreditor agreement by issuing a letter of credit to Commerce Bank in the amount of the note, $3.64 million. In the event of a dispute concerning either letter, the parties anticipated the application of the Uniform Customs and Practice for Documentary Credits, 2006 Revision, International Chamber of Commerce Publication No. 600 ("UCP"). Each letter also provided, "This Letter of Credit shall also be governed by the laws of Kentucky, the United States of America, so long as such laws are not inconsistent with [UCP]."

When Debtor defaulted on each loan, Commerce Bank accelerated the loans on September 23, 2009. Monroe Sellers and Campbell Sellers refused to repurchase their respective properties. Commerce Bank increased the interest rate on each loan from 6 to 24 percent on October 5, 2009. Thereafter, Commerce Bank presented a sight draft to First State for the balance of each loan with the increased interest rate on December 23, 2009. First State partially fulfilled each letter of credit, leaving a balance of approximately $270,393.

Commerce Bank filed suit against First State for the balance remaining, costs, interest, and attorney fees. First State denied wrongdoing and filed a counterclaim, asserting that it submitted the amount due had the original interest rate of 6 percent been applied. First State claimed that Commerce Bank's increase of the interest rates was an unanticipated and illegal change in the term of the loans. Commerce Bank responded by asserting that review of the case was limited to the terms described in the letters of credit, not the loan documents that accounted for a 6 percent interest rate. Commerce Bank opined that it was entitled to charge a default interest rate commensurate with industrial loan and thrift companies.

Following a hearing,[1] the court issued the first of three opinions. In the first opinion, the court applied Kentucky law before stating,

> [First State's] obligation under the [letter of] credit was totally distinct, separate, and independent of the contract between [Debtor] and [Commerce Bank]. [First State's] obligation was determined solely according to the terms

---

[1]Neither a transcript nor a statement of the evidence was filed for this court's review.

of the [letter of] credit and [First State] cannot resort to the underlying agreement to determine the amount owed under the [letter of credit].

The court concluded that First State was "obligated to honor" the sight draft if the draft complied with the applicable terms even though Commerce Bank was not authorized to increase the interest rate. The court ordered First State to submit the amount remaining on each letter of credit, reasonable attorney fees, and pre-judgment interest.

The parties disagreed as to the amount of the judgment to be entered, and First State argued that Commerce Bank could not recover attorney fees because it had not plead the applicable statute. Following another hearing, the court acknowledged that its finding regarding the applicable interest rate was unnecessary when First State was obligated to honor each letter of credit, regardless of the interest rate applied. The court removed the award of pre-judgment interest but affirmed its award of attorney fees by stating,

> In its prayers for relief [], [Commerce Bank] made a general plea for a judgment pursuant to the [letter of credit] together with costs, fees, interest and attorney's fees. In its memorandum of law, [Commerce Bank] asserted the right to recover its attorney fees pursuant to [Kentucky Revised Statutes Annotated section 355.5-111]. However, [Commerce Bank] never plead that statute and, thus, [First State] says no attorney fees may be recovered.
>
> [Rule 8.05(1) of the Tennessee Rules of Civil Procedure] provides:
>
> > Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged.
>
> Here, [Commerce Bank] clearly alleged in the original [c]omplaint that it was entitled to recover attorney's fees under loan documents and under the [letter of credit]. [Commerce Bank] relies upon [First State's] failure to honor the [letter of credit] not on a violation of statute. Therefore, the specific pleading of the Kentucky statute was not required. *Estate of Wilson v. Arlington Auto Sales, Inc.*, 743 S.W.2d 923 (Tenn. App. 1987).

The court then issued a final opinion, awarding First State a judgment in the amount of $270,393.33 with attorney fees and expenses in the amount of $22,873.73.

First State and Commerce Bank filed motions to alter or amend. First State argued that the court should have considered the terms of the loans but had erroneously relied upon statutes that were not plead, which prevented it from raising applicable defenses. Commerce Bank filed its own motion in which it sought an award of interest pursuant to Kentucky Revised Statutes Annotated section 355.5-111(4). Commerce Bank acknowledged that it had erroneously described the requested amount of interest as pre-judgment interest and asserted that it was entitled to a statutory award of interest. Commerce Bank sought to amend its pleadings to include the claim for interest. The court denied each motion and Commerce Bank's corresponding motion to amend the pleadings. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A. Whether Commerce Bank's complaint was sufficient to permit recovery of the balance remaining on the sight draft and the award of attorney fees pursuant to Kentucky Revised Statutes Annotated section 355.5-111.

B. Whether Commerce Bank's complaint was sufficient to permit recovery of an award of interest pursuant to Kentucky Revised Statutes Annotated section 355.5-111.

## III. STANDARD OF REVIEW[2]

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

---

[2]Kentucky law governs the substantive issues pertaining to the letters of credit. However, this court must apply its own procedural rules. *Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W.3d 671, 674 (Tenn. Ct. App. 2012) (citing *State v. Early*, 934 S.W.2d 655, 657 (Tenn. Ct. App. 1996)).

## IV. DISCUSSION

### A.

First State argues that the court's decision to award a judgment for the balance remaining on the sight draft and attorney fees was based upon statutes that were not raised in the pleadings. First State further argues that if the statutes were properly raised, the court ignored pertinent provisions supportive of its position. Commerce Bank responds that its assertions were sufficient to sustain relief and that its recovery and corresponding award of attorney fees were contemplated pursuant to the law chosen by First State.

Rule 8.05 of the Tennessee Rules of Civil Procedure provides,

> Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute *or* state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified. The manner in which violation of any statute, ordinance or regulation is claimed shall be set forth.

(Emphasis added). "Although a complaint 'need not contain in minute detail the facts that give rise to the claim,' the complaint must at least 'contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.'" *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 704 (Tenn. 2002) (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977)).

The court's judgment was premised on the following provision:

> (2) If an issuer wrongfully dishonors a draft or demand presented under a letter of credit or honors a draft or demand in breach of its obligation to the applicant, the applicant may recover damages resulting from the breach, including incidental but not consequential damages, less any amount saved as a result of the breach.

* * *

(5) Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this article.

Ky. Rev. Stat. Ann. § 355.5-111(2), (5). The court also relied upon the following provision:

Except as otherwise provided in KRS 355.5-109, an issuer shall honor a presentation that, as determined by the standard practice referred to in subsection (5) of this section, appears on its face strictly to comply with the terms and conditions of the letter of credit. Except as otherwise provided in KRS 355.5-113 and unless otherwise agreed with the applicant, an issuer shall dishonor a presentation that does not appear so to comply.

Ky. Rev. Stat. Ann. § 355.5-108(1).

In its complaint, Commerce Bank provided the history of the relationship between the parties and asserted that the cause of action arose "out of the breach of [the] [i]ntercreditor [a]greement and [l]etters of [c]redit." Commerce Bank requested a judgment for the balance of the sight draft together with "costs, fees, interest and attorney's fees" pursuant to the applicable letters of credit and related documents. The parties designated Kentucky law as the governing rule of law in the letters of credit. Thus, it was contemplated that the court would consider Kentucky law in rendering its decision. Accordingly, we conclude that Commerce Bank stated "all of the facts necessary" to apprise First Bank of the statute upon which it sought relief. Tenn. R. Civ. P. 8.05. Likewise, we conclude that First State was also adequately apprised of Commerce Bank's request for attorney fees. *See Hardcastle v. Harris*, 170 S.W.3d 67, 90-91 (Tenn. Ct. App. 2004) (noting that many courts upheld general claims for attorney fees that did not include the legal basis for the award and that Tennessee courts had even awarded attorney fees when they had not been specifically requested).

First State asserts that it should have been given the opportunity to present evidence of the standard practice of financial institutions and to argue that its honor of Commerce Bank's sight draft would have facilitated a material fraud. *See* Ky. Rev. Stat. Ann. §§ 355.5-108(5), -109(1). The record before this court reflects that First State never attempted to present evidence regarding the standard practice or assert that its honor of the sight draft would facilitate a material fraud. First State claims that it was prevented from raising such arguments because the court relied upon statutes that were not plead. However, First State was given ample opportunity to raise additional issues after the initial memorandum opinion was entered. Indeed, the court reconsidered the award of pre-judgment interest and responded to First State's argument relating to the award of attorney fees in the second memorandum opinion. First State also never specifically raised these issues in the motion

to alter or amend and merely offered a general argument that it was foreclosed from pursuing certain defenses. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted). Accordingly, we conclude that these issues are waived.

B.

In its sole issue before this court, Commerce Bank argues that it was entitled to an award of interest pursuant to Kentucky Revised Statutes Annotated section 355.5-111. First State responds by characterizing Commerce Bank's issue as a denial of pre-judgment interest and by asserting that the trial court did not abuse its discretion in denying Commerce Bank's request for pre-judgment interest. In its reply brief, Commerce Bank states that it is not seeking a reversal of the pre-judgment interest finding but is seeking an award of interest pursuant to applicable Kentucky law.

The relevant provision provides, in pertinent part,

> (2) If an issuer wrongfully dishonors a draft or demand presented under a letter of credit or honors a draft or demand in breach of its obligation to the applicant, the applicant may recover damages resulting from the breach, including incidental but not consequential damages, less any amount saved as a result of the breach.

* * *

> (4) An issuer, nominated person, or adviser who is found liable under subsection (1), (2), or (3) of this section shall pay interest on the amount owed thereunder from the date of wrongful dishonor or other appropriate date.

Ky. Rev. Stat. Ann. § 355.5-111(2), (4).

While the original complaint included a claim for interest, that claim was reviewed by the trial court as a claim for pre-judgment interest, which was a hotly contested issue throughout the pendency of the case. Commerce Bank opined that it had "mischaracterized" its request for interest as a general claim for pre-judgment interest. Commerce Bank had ample opportunity to correct its alleged mischaracterization if it had truly intended to raise

the issue of interest pursuant to the applicable statute. Instead, Commerce Bank waited until after the final judgment had been entered to assert a new claim for interest.

"[T]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint." *Trau-Med*, 71 S.W.3d. at 704 (citations omitted). Likewise, "[l]ate amendments fundamentally changing the theory of a case are generally not viewed favorably when the facts and theory have been known to the party seeking the amendment since the beginning of the litigation." *Hardcastle*, 170 S.W.3d at 80. "[A] party may amend [its] pleadings . . . by leave of court; and leave shall be freely given when justice so requires." Tenn. R. Civ. P. 15.01. While requiring leave to be freely given lessens the discretion of the trial court in granting or denying such motions, the court's grant or denial of a motion to amend the pleadings is still generally subject to an abuse of discretion standard. *Merriman v. Cont'l Bankers Life Ins. Co.*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). In determining whether to grant such a motion, the court must consider the following factors: "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments[;] undue prejudice to the opposing party[;] and futility of amendment." *Merriman*, 599 S.W.2d at 559 (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479 (6th Cir.1973)). Following our review, we conclude that the trial court did not abuse its discretion in denying the motion to amend the complaint after the judgment had already been entered and the issue of pre-judgment interest as opposed to a statutory claim for interest had been hotly contested throughout the entirety of the proceedings.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed one-half to the appellant, Mountain Commerce Bank, and one-half to the appellee, First State Financial, Incorporated.

_____
JOHN W. McCLARTY, JUDGE