# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 11, 2018 Session

## STATE OF TENNESSEE EX REL. NICOLE LYTLE v. SENECA WEBB

**Appeal from the Circuit Court for Davidson County**
No. 06D-802    Philip E. Smith, Judge

_____

## No. M2017-01137-COA-R3-CV

_____

This appeal arose from a child support proceeding wherein the father sought modification of his child support obligation. After concluding that an incorrect arrearage amount had been established in a prior order, the trial court determined that the correct arrearage amount, including statutory interest, was $48,574.88. The trial court relied on an affidavit executed by the mother, which reflected the father's child support payments. The mother's affidavit, however, is not contained within the record on appeal. Furthermore, the trial court's order contained no findings of fact demonstrating how the trial court calculated the arrearage or the statutory interest. Because the trial court failed to make adequate findings of fact, we vacate the trial court's judgment and remand for entry of sufficient findings of fact regarding the method of calculation of the arrearage and interest.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Seneca Webb.

Herbert H. Slatery, III, Attorney General and Reporter, and Jordan K. Crews, Assistant Attorney General, for the appellee, State of Tennessee *ex rel.* Nicole Lytle.

**OPINION**

## I. Factual and Procedural Background

The child, Arianna ("the Child"), was born in January 2003 to Nicole Lytle ("Mother") and Seneca Webb ("Father"). The record reflects that Father signed a voluntary acknowledgment of paternity at the time of the Child's birth. The State of Tennessee ("the State"), acting on behalf of Mother, filed a petition to set child support. On March 7, 2006, the Davidson County Circuit Court ("the trial court") entered an agreed order, signed by both Father and Mother, wherein the parties agreed that Father owed a total child support arrearage of $7,200.00 and that he should pay $522.00 per month in current child support and $40.00 per month toward the arrearage. The child support worksheet was attached to the agreed order and reflected Father's child support obligation of $522.00 per month.

On January 29, 2016, Father filed a petition to modify his child support obligation, alleging that each party's respective income had changed and requesting a decrease in his current child support obligation. According to a subsequent March 29, 2016 order, a hearing had occurred on March 14, 2016, during which the trial court modified Father's current child support obligation to $212.00 per month. The statement of evidence prepared by the trial court regarding the March 14, 2016 hearing reflects that the parties stipulated to their respective current incomes. According to the statement of the evidence, the parties were unable to reach an agreement concerning Father's arrearage payment. During the hearing, the State averred that Father's arrearage balance at that time was $46,526.65. The State's calculation of the arrearage balance did not include the statutory interest to be applied to the unpaid amount. In its order, the trial court adopted the State's calculation of the arrearage balance, calculated 12% interest on that balance, and modified Father's arrearage payment to $465.26 per month, which reflected one-twelfth of the annual interest amount.

On March 17, 2016, the State filed a motion to alter or amend the trial court's order, acknowledging that the State had previously presented an incorrect arrearage balance during the March 2016 hearing and averring that the correct arrearage balance was $28,361.31. According to the State, the arrearage balance of $46,526.65 was incorrect because the "amount [did] not give [Father] credit for the time that the case was closed." The State accordingly requested that the trial court modify its order to include the correct arrearage balance and "amend the arrears payment to $283.61 per month, which would cover the interest of the current arrears balance." The trial court set a hearing regarding the State's motion to alter or amend for June 3, 2016.

- 2 -

Father did not appear for the hearing on June 3, 2016. The statement of the evidence contained in the record again was prepared by the trial court, *see* Tenn. R. App. P. 24(e), and states in relevant part:

1. The State submitted that it filed a petition for modification of child support which was heard on March 14, 2016.

2. The petition and resulting order, entered March 29, 2016, erroneously included a period of time in which the parties had closed their case, and the Order was never terminated through the Court.

3. [Mother] provided to the State an Affidavit of Payments wherein [Mother] gave credit to [Father] for certain periods of time.

4. The State requested that it be permitted to use the Affidavit of Payments to set correctly the proper arrears amount.

5. [Mother] testified that she thought the time period in which the case was closed already included the credit and that the credit had accordingly been given.

6. The Court specifically inquired as to whether [Mother] was in agreement with the State's request to use her Affidavit of Payments to determine correctly the arrears as the Court would only grant the State's request if [Mother] was in agreement.

7. [Mother] testified that she was in fact in agreement with using her Affidavit of Payments to set a new arrears amount.

The trial court subsequently entered an order on April 28, 2017, resulting from the June 3, 2016 hearing. According to the order, "[a]fter hearing testimony of [Mother], statements of counsel for the State of Tennessee and a review of the record as a whole," the trial court granted the State's motion to alter or amend and amended its order to "reflect the correct arrearage balance as determined using [Mother's] Direct Payment Affidavit presented in Court." As previously noted, the "Direct Payment Affidavit" prepared by Mother is not contained in the record on appeal. In reliance upon the affidavit, the trial court determined that the correct arrearage balance as of February 29, 2016, was $28,101.43. The trial court further found that the arrearage balance, including the annual 12% interest, was $48,574.88 as of February 29, 2016.[1] The court then

---

[1] The trial court's order does not specify how the interest amount of $20,473.45 was calculated.

ordered that Father pay $485.00 per month toward his child support arrearage, beginning on April 1, 2016.

On September 21, 2016, Father filed a motion requesting that the trial court set aside its order from the June 3, 2016 hearing because the arrearage payment amount ordered by the court was different than the amount the State requested in its March 2016 motion. According to Father, the amount determined by the trial court of $48,574.88 included 12% interest, and Father "was not notified that the 12% interest rate would be included in the Order." Father asserted that the interest calculations were not provided to him and that he was "denied a chance to review the interest calculations before [the] State's Attorney included them in the Order." Additionally, Father claimed that the interest on the arrearage should not have accrued during the time that the parties' case was closed from April 2010 to December 2012 while the parties were reportedly residing together. Father further contends that the State's calculations are incorrect and proffers that the amount owed by him, including interest, is $34,737.15, instead of the $48,574.88 amount found by the trial court. Father attached to his "Motion to Set Aside Order" his calculation of the interest on the arrearage amount, which included payments made by Father.[2]

The trial court conducted a hearing on October 28, 2016, regarding Father's motion to set aside the trial court's order. In a statement of the evidence relative to the October 28, 2016 hearing as prepared by the trial court, *see* Tenn. R. App. P. 24(e), the court stated as follows:

1.      [Father] testified that the amount reflected in the March 29, 2016 Order was different than the amount shown as owed as of March 29, 2016 in the State's motion.

2.      [Father] further testified that the amount that was discussed as owed when meeting at Child Support Services was different than the amount reflected in the Order.

3.      The State submitted that when the original March 29, 2016 Order was entered, the arrearage calculation that was announced was incorrect as it did not appropriately include the appropriate credit to [Father] for the time that the [case] was closed. The State further submitted that a Motion to Alter or Amend the March 29, 2016 [order] was filed to correct the arrears balance from $46,526.65 to

---

[2] Because Mother's "Direct Payment Affidavit" that the trial court relied on in the June 2016 hearing is not included in the record, we are unable to determine whether Father's list of payments is consistent with that affidavit.

$28,361.31. The State further submitted that after reducing the arrears balance to $28,361.31, the State added the requisite 12% interest per request of [Mother], and an Order was entered on April 28, 2017 reflecting a total arrears balance of $48,574.88.

4. [Father] further testified that he was not notified of the hearing on the State's Motion to Alter or Amend, nor did he have notice of the hearing on the Motion to Alter or Amend. [Father] conceded that his current mailing address matched the address indicated on the State's Motion to Alter or Amend.

5. The State submitted that the Motion to Alter or Amend was sent to the same address as all previous correspondence.

6. [Father] further testified that even if the Court denies his Motion to Set Aside on the grounds that he had no notice of the requisite interest calculation, [Father] believes that the interest calculation is incorrect.

7. The State submitted it would review the interest calculations with [Father] outside of the courtroom.

8. The Court denied [Father's] Motion to [Set Aside], finding that the addition of interest was non-discretionary and mandatory pursuant to statute. In the event [Father] disagreed with the State's interest calculations, the Court stated [Father] could file a Rule 60 motion.

In its order concerning the October 28, 2016 hearing, entered on June 19, 2017, the trial court determined as follows:

1. Father's Motion to Set Aside Order is denied;

2. Father received notice of the State's *Motion to Alter or Amend Order*, heard on June 3, 2016, and failed to appear.

3. The calculation of interest on child support arrears is required by Tennessee statute.

Father filed a notice of appeal on May 25, 2017. Pursuant to Tennessee Rule of Appellate Procedure 24(c), Father prepared a statement of the evidence in preparation for the appeal. However, in an order denying Father's statement of the evidence, the trial court found that those statements did "not convey an accurate and complete account of

the hearings in this matter." The trial court subsequently prepared its own statements of the evidence, which are contained in the record on appeal. *See* Tenn. R. App. P. 24(e).

## II. Issues Presented

Father presents four central issues on appeal, which we have restated as follows:

1.   Whether the trial court exceeded the scope of relief requested in Father's petition to modify his child support obligation.

2.   Whether the trial court erred in its calculation of Father's child support arrearage and the interest due thereon in its order entered on March 29, 2016.

3.   Whether the trial court erred in its calculation of Father's child support arrearage and the interest due thereon in its order entered on April 28, 2017.

4.   Whether the trial court erred by denying Father's motion to set aside the judgment.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

Determinations regarding child support are reviewed under an abuse of discretion standard. *See Mayfield v. Mayfield*, 395 S.W.3d 108, 114-15 (Tenn. 2012); *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). As this Court has explained:

Prior to the adoption of the Child Support Guidelines, trial courts had wide discretion in matters relating to child custody and support.

*Hopkins v. Hopkins*, 152 S.W.3d 447, 452 (Tenn. 2004) (Barker, J., dissenting). Their discretion was guided only by broad equitable principles and rules which took into consideration the condition and means of each parent. *Brooks v. Brooks*, 166 Tenn. 255, 257, 61 S.W.2d 654, 654 (1933). However, the adoption of the Child Support Guidelines has limited the courts' discretion substantially, and decisions regarding child support must be made within the strictures of the Child Support Guidelines. *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000); *Jones v. Jones*, 930 S.W.2d 541, 545 (Tenn. 1996); *Smith v. Smith*, 165 S.W.3d 279, 282 (Tenn. Ct. App. 2004).

\* \* \*

Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. This standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999). Appellate courts do not have the latitude to substitute their discretion for that of the trial court. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Thus, a trial court's discretionary decision will be upheld as long as it is not clearly unreasonable, *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001), and reasonable minds can disagree about its correctness. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000). Discretionary decisions must, however, take the applicable law and the relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Accordingly, a trial court will be found to have "abused its discretion" when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003); *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001); *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).

*Richardson*, 189 S.W.3d at 725.

Regarding adherence to the Child Support Guidelines, this Court has explained:

In Tennessee, awards of child support are governed by the Child Support Guidelines ("the Guidelines") promulgated by the Tennessee Department of Human Services Child Support Services Division. Tenn. Code Ann. § 36-5-101(e)(2). Tennessee's Child Support Guidelines have the force of law. *Jahn v. Jahn,* 932 S.W.2d 939, 943 (Tenn. Ct. App. 1996). Statutes and regulations pertaining to child support are intended to "assure that children receive support reasonably consistent with their parent or parents' financial resources." *State ex rel. Vaughn v. Kaatrude,* 21 S.W.3d 244, 248-49 (Tenn. Ct. App. 2000); *see also* Tenn. Comp. R. & Regs. 1240-02-04.01(3)(e). Courts are therefore required to use the child support guidelines "to promote both efficient child support proceedings and dependable, consistent child support awards." *Kaatrude,* 21 S.W.3d at 249; *see also* Tenn. Code Ann. § 36-5-101(e); Tenn. Comp. R. & Regs. 1240-02-04-.01(3)(b), (c).

*Sykes v. Sykes,* No. M2012-01146-COA-R3-CV, 2013 WL 4714369, at *2 (Tenn. Ct. App. Aug. 28, 2013) (footnote omitted).

## IV. Scope of the Pleadings

Father contends that an arrearage determination and modification of his monthly arrearage payment are outside the scope of the pleadings because Father only requested that his current child support obligation be decreased. According to Father, the trial court erred by entering judgments that included an arrearage award and statutory interest to Mother resulting from the March 14, 2016 and June 3, 2016 hearings. The record reflects, however, that Father never raised an objection during the trial court proceedings. Father filed a motion to set aside the trial court's judgment due to lack of notice and miscalculation of the arrearage award, but at no time during the trial court's proceedings did Father raise the issue that the trial court's judgment was outside the scope of the pleadings. Therefore, we determine that Father waived any objection to entry of the judgment calculating Father's arrearage amount. *See Dorrier v. Dark,* 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]"); *State ex rel. Smith v. Early*, 934 S.W.2d 655, 658-59 (Tenn. Ct. App. 1996).

## V. Calculation of Arrearage Amount

Father's remaining issues focus on the trial court's judgment regarding the amount of the arrearage balance, a lack of evidence supporting the amount, and the trial court's denial of Father's motion to set aside the judgment. According to Father, the trial court adopted the arrearage amount, which included statutory interest for the arrearage calculated by the State's attorney, even though the State's attorney failed to present any

evidence concerning how the total interest amount was calculated. Moreover, in his motion to set aside the trial court's judgment, Father similarly alleged, *inter alia*, that the calculation of the statutory interest by the trial court were incorrect. Upon our thorough review, we determine that we are unable to conduct a proper analysis of the trial court's proceedings due to an inadequate record and the trial court's failure to make sufficient findings of fact regarding its calculation of the arrearage amount.

Tennessee Rule of Civil Procedure 52.01 requires that following a bench trial, a trial court shall make appropriate findings of fact and separate conclusions of law. With reference to Rule 52.01, this Court has explained:

> [T]he requirement to make findings of fact and conclusions of law is "not a mere technicality." *In re K.H.,* No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody,* 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce,* 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.,* 2009 WL 1362314, at *8 (quoting *In re M.E.W.* No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004)). Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law," unless the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable. *Lake v. Haynes,* No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011); *Burgess v. Kone, Inc.,* No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008).

*Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015).

No bright-line test exists "to assess the sufficiency of the trial court's factual findings." *Steakin v. Steakin*, No. M2017-00115-COA-R3-CV, 2018 WL 334445, at *4 (Tenn. Ct. App. Jan. 9, 2018). "The general rule is that 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Id.* (quoting *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015)) (in turn quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35

(Tenn. 2013)).  Regarding the sufficiency of findings of fact and conclusions of law, this Court has explained:

> If we cannot determine from the trial court's written order what legal standard it applied or what reasoning it employed, then the trial court has not complied with Rule 52.01.  *See Ray v. Ray*, No. M2013-01828-COA-R3-CV, 2014 WL 5481122, at *16 (Tenn. Ct. App. Oct. 28, 2014).  The reviewing court must be able to ascertain "the steps by which the trial court reached its ultimate conclusion on each factual issue."  *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2579, at 328 (3d ed. 2005)).  "Without such findings and conclusions, this court is left to wonder on what basis the [trial] court reached its ultimate decision."  *Hardin v. Hardin*, W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2102) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at 88 (Tenn. Ct. App. May 15, 2009)).

*In re Britton H-S.*, No. M2016-01576-COA-R3-JV, 2018 WL 1040945, at *9-10 (Tenn. Ct. App. Feb. 23, 2018).

This Court has concluded that the appellate court may "soldier on" with its review despite the trial court's failure to comply with Tennessee Rule of Civil Procedure 52.01 when the case involves a clear issue of law or the trial court's decision is readily ascertainable.  *See Schnur v. Sherrell*, No. E2016-01338-COA-R3-CV, 2017 WL 2791711, at *3 (Tenn. Ct. App. June 27, 2017) (affirming the trial court's judgment despite a lack of findings of fact when the trial court orally articulated its reasoning); *but see Douglas v. Caruthers & Assocs., Inc.*, No. W2013-02676-COA-R3-CV, 2015 WL 1881374, at *10 (Tenn. Ct. App. Apr. 24, 2015) (remanding to the trial court for entry of findings of fact in compliance with Rule 52.01 when the case presented complicated questions of law that required a fact-intensive inquiry and the trial court's decision was not readily ascertainable).

In the case at bar, the arrearage and interest amounts in question are those that the trial court found during the June 3, 2016 hearing.  At that hearing, the State requested that it be permitted to use Mother's Direct Payment Affidavit, which reflected payments of child support made by Father during the pendency of the case.  Mother agreed to allow the State's attorney to calculate the arrearage based upon her affidavit.  Father was not present for that hearing.  Relying on Mother's Direct Payment Affidavit, the trial court determined that the correct arrearage amount was $28,101.43.  In total, the trial court determined the arrearage amount, including 12% statutory interest, to be $48,574.88 as of February 29, 2016.  The trial court consequently ordered Father to pay $485.00 per

month toward his arrears beginning on April 1, 2016.  The trial court made no findings of fact to support how the arrearage and interest amounts were calculated.

Inasmuch as we are unable to review Mother's affidavit or sufficient findings of fact, the method of calculation utilized by the trial court in determining Father's arrearage and the interest therefrom is not readily ascertainable from the record and is not a clear issue of law.  Because we are unable to complete a proper review of the trial court's judgment, we hereby vacate the judgment and remand for findings of fact regarding the trial court's calculation of the total arrearage and statutory interest.  *See In re Britton H-S.*, 2018 WL 1040945, at *9-10 (vacating a child support order and remanding for findings of fact in compliance with Rule 52.01 when the trial court's calculation was not readily ascertainable).

## VI.  Conclusion

For the reasons stated above, we remand to the trial court for findings of fact regarding the method of calculation of the arrearage amount.  Costs on appeal are assessed equally to the appellant, Seneca Webb, and the appellee, State of Tennessee *ex rel.* Nicole Lytle.

_____
THOMAS R. FRIERSON, II, JUDGE